Pennell & Leverett vs. Monroe, adm'r, et al.

PENNELL & LEVERETT VS. MONROE, adm'r., et al.

1. STATUTE: *Construction of. Notice of tax sale.*
   A statute which prescribes that the delinquent list shall be published at least three weeks before a sale for non-payment of taxes, construed to mean twenty-one days.

2. TAXES: *Delinquent list where the taxes on part of the land is paid.*
   Where a tract of land containing more than one subdivision, is assessed to the owner of one parcel thereof, who pays the proportion of taxes chargeable against his land, the residue of the tract should be returned as delinquent.

APPEAL from *Desha* Circuit Court.

Hon. W. H. H. CLAYTON, Circuit Judge.

*L. A. & X. J. Pindall,* for appellants.

Auditor's deeds make *prima facie* case. Gantt's Digest, 5221; *Merrick* v. *Hutt,* 15 Ark., 338.

The clerk was empowered to fix day of sale. Amendatory act of 1869, sec. 7. The acts of the clerk should have a reasonable construction. Bl. on Tax Titles, 310–11; *Chandler* v. *Spear,* 22 Vt., 398. The greater time of notice had no semblance of injury. See, also, *Sharp* v. *Johnson,* 4 Hill, 99; *Corwin* v. *Merrill,* 3d Barb., 343; *Atkyns* v. *Kenman,* 20 Wend., 249; *Torrey* v. *Mitbury,* 21 Pick., 67; *Sebley* v. *Smith,* 2 Gibts. Mich., 498–9; *Scott* v. *Watkins,* 22 Ark., 561; *Biscoe* v. *Coulter,* 18 id., 435.

The record of the clerk was the best evidence; the evidence of Weatherford inadmissible. Did not show there was no other copy of the paper attainable. Greenleaf on Ev., 86 to 92.

Not material to whom the land was assessed. Gantt's Digest, sec. 5215. No injury done by returning the unpaid portion of land delinquent.

The clerk's deed conclusive evidence of regularity of the sale. Can only be questioned for causes which do not here exist. Gantt's Digest, sec. 5206.

Pennell & Leverett vs. Monroe, adm'r, et al.

HARRISON, J.:

This was an action of ejectment by Jasper M. Pinnell and Thomas F. Leverett against Ben. Monroe and Robert Beith for the south half of section 18, in township 7 south, range 2 west.

The plaintiff claimed title to the southwest quarter of the section by a purchase from the State at an Auditor's sale, on the 26th day of February, 1872, and to the southeast quarter by a purchase at a tax sale on the 20th day of February, 1871.

It was admitted upon the record that the defendants were in possession of the lands, and the court, sitting as a jury, found the following facts:

*First*—That the southwest quarter was offered by the Collector on the 18th of October, 1869, at a tax sale that day begun and, for want of a purchaser, forfeited to the State, and the plaintiff, on the 26th of February, 1872, purchased it from the State at Auditor's sale, and received a deed. That the notice of the sale was published three weeks successively in the De Witt *Sentinel,* the official newspaper of the district, the first insertion on the 25th of September, and the others on the 2d and 9th of October, 1869, but there was no insertion or publication of it in the papers on the 16th.

*Second*—That the east half of the section was assessed as an entire tract in 1870, for the taxes of that and the preceding year, as the property of the estate of Cephas Knowlton, deceased; that the taxes on the northeast quarter, one half the sum charged against the whole, were paid by Knowlton's administrator, and the southeast quarter was returned delinquent, and was advertised and sold for its taxes on the 20th day of February, 1871, and was purchased by the plaintiffs, who, after the expiration of two years, received a deed from the County Clerk.

The following declarations of law were made:

*First*—That a sale of land for taxes on a day other than that fixed by law is void.

*Second*—That the day fixed by the act of February 19, 1869, for the sale of lands for taxes of 1868, in Desha county, was the Monday next succeeding the expiration of the three weeks publication of the notice thereof; and a sale begun on Monday the 18th of October, 1869—the notice of which was published only on the preceding 25th of September, and 2d and 9th of October— was irregular, and a forfeiture to the State at such sale was void.

*Third*—That if two tracts of land, belonging to different persons, were assessed as an entire tract as the property of one only, and one half the taxes were paid by him, as the taxes on his tract, the other might be returned delinquent as to its taxes, and sold for the same.

Both parties moved for a new trial, which was refused, and judgment was rendered in favor of the plaintiffs for the southeast quarter.

Both parties appealed.

The facts found by the court are not controverted.

The plaintiffs excepted to second declaration, and the defendants to the third, and these exceptions present the only questions for our consideration.

Section 14 of the act of February 19th, 1869, was as follows: "It shall be the duty of the county clerk immediately after the delinquent lands, etc., is returned, as provided in section 12 of this act, to cause such delinquent list of lands, etc., to be published at least three weeks in the official newspaper printed and published in the district in which such county is situated, to which list there shall be attached a notice that the whole, or a a sufficient number of tracts or town or city lots in said list contained, will be sold at the court-house in such county; or in case there is no court-house, at such other place at the county seat as may be determined upon by the county clerk, on Monday next succeeding the expiration of the notice of the three weeks."

The language of the section we have quoted is not altogether clear, but by giving it that construction, which would best effect the end in view, the publicity of the sale, we understand a notice of three entire weeks or twenty-one days to be meant and intended.

Commencing on the 25th of September, the expiration of the three weeks would be on the 15th of October, the first of October would be one week, the 8th two and the 15th three, and so though the days of publication, were the 25th of September, and 2nd and 9th of October, the second declaration of law was erroneous.

The part of the half section belonging to Knowlton's estate was distinctly designated and defined, and we are unable to see any good reason why the administrator of Knowlton should not have been allowed, as he was, to pay the taxes on that without paying on the other also, with which he had no cencern. We can find no provision of the statute requiring the whole tract to be returned delinquent, unless the taxes were paid on each parcel of it. As the law then stood, an assessment of real property was made only every fourth year, and it could not have been intended that the owner, who after assessment of his land, sold a part of a tract should continue to pay taxes on the whole until the next assessment. In the course of four years, many tracts would be divided, and the parcels be owned by different persons, and a great hardship and injustice would have been the necessary consequence of such a requirement. Cooley on Taxation, 341; McQuesteor v. Swope, 12 Kans., 32.

The third declaration of law was therefore correct.

But for the error we have mentioned the judgment of the court below must be reversed and the cause remanded to it with instructions to grant the plaintiffs a new trial as to the said southwest quarter, and to proceed according to law.