## MARTIN v. HAWKINS.
## MARTIN v. GARRETT.

### Opinion delivered May 23, 1896.

APPEAL—NECESSITY OF BRINGING UP EVIDENCE.—A decree which is materially inconsistent with the facts found by the chancellor will be reversed, though parol evidence was introduced at the trial, and is not brought up in the transcript.

CONFIRMATION OF TAX-TITLE—CONCLUSIVENESS.—A decree confirming a tax-title cuts off all controversy as to mere irregularities of the original tax sale and forfeiture, such as errors as to the assessment and the return made thereof, the advertisement and the payment in part of the taxes, and any subsequent misconduct or mistakes of officers.

SAME—FILING AMENDED DEED.—Where a purchaser from the state of land forfeited for taxes brings suit to confirm the tax sale to the state, he may, upon discovering that his deed from the state is invalid for irregularity, procure and file a new and valid deed from the state after advertisement and before decree is rendered in the confirmation proceedings.

SAME—PUBLICATION OF NOTICE.—Under Mansf. Dig., sec. 577, requiring that the notice of an application for confirmation of a tax-sale shall be published for six weeks in succession six months before the beginning of the term of which the petition is to be heard, the fact that the period intervening between the first and last insertions of the notice is only thirty-seven days does not render the publication insufficient, where one insertion was made in each of six successive weeks, and the full period of forty-two days and six months from the time of the first insertion elapsed before the first day of the return term.

Appeals from Garland Chancery Court.

LELAND LEATHERMAN, Chancellor.

*Rose, Hemingway & Rose* and *Chas. D. Greaves*, for appellant.•

1. All inquiry as to the validity of the tax-sale or tax-title is cut off by the decree confirming the sale. 42 Ark. 344; 55 *id*. 105; 52 *id*. 400; 55 *id*. 400; 50 *id*. 189; 49 *id*. 336; 57 *id*. 423; 55 *id*. 37; *Ib*. 472.

2. Appellee does not fall within the purview of "defendants constructively summoned," as mentioned in sec. 4197, Sand. & H. Digest. 57 Ark. 49.

3. The first deed from the land commissioner was good. The signature of the commissioner was unnecessary, his seal being sufficient. Sand. & H. Dig., sec. 4496. An appointment to office need not be in writing. 12 Mod. 200; 10 Bush, 144. The fact that Myers signed the deed as deputy, and affixed the seal, is sufficient evidence of his being a deputy. 1 Gr. Ev. sec. 92; Lawson's Pr. Ev. 47; 11 Q. B. 44; 11 M. & W. 581; 3 Wash. C. C. 464; 108 Mass. 429; 21 Ga. 217; 12 Q. B. 478; 8 C. & P. 310. He was a *de facto* officer, and his official acts will be upheld. 4 Ark. 582; 49 *id*. 439; 22 *id*. 556; 32 *id*. 666; 38 *id*. 158; 52 *id*. 356; 43 *id*. 243; 24 *id*. 474; 28 *id*. 312; 46 *id*. 96; 55 *id*. 82. Myers' acts were duly ratified by his principal. Public officers may ratify acts done in their name. Mech. Pub. Off., secs. 528-9; Murfree, Sheriffs, sec. 78; Mech. Pub. Off., sec. 546.

4. It appears with reasonable certainty that the bill of exceptions contains all the evidence. No set formula is required. 49 Ark. 364; 36 *id*. 496; 38 *id*. 102; 7 *id*. 348; 9 *id*. 478. But in this case no bill of exceptions was necessary. The decree sets out all the findings of the court, and these findings do not justify the decree. 46 Ark. 17; 52 *id*. 455; 57 *id*. 370; 43 *id*.

398; 34 *id.* 684; 27 *id.* 464; 26 *id.* 536; *Id.* 662; 40 *id.* 298; 50 *id.* 85; *Ib.* 434. When the court makes special findings, no presumptions are indulged beyond the allegations of the complaint. 41 Ark. 394; 29 *id.* 501; 46 *id.* 96; 53 *id.* 269.

5. The publication was sufficient. "Six weeks in succession" means once a week for six weeks. Mansf. Dig., sec. 577; 2 Jones on Mortg. sec. 1838; 30 Ark. 661; 117 U. S. 255; 18 Wall. 271; 55 Ark. 30; 33 Pac. 827; 54 N. W. 1058; 39 N. E. 595; 11 Foster (N. H.), 501; 55 Me. 190; 48 Ill. 250; 12 Abb. Pr. (N. S.) 172; 29 Barb. 297; 100 N. Y. 109; 1 Mass. 256; 7 Nev. 416; 47 Ill. 359; 51 N. W. 1130; 84 Ill. 29; 6 Minn. 20; 117 Mass. 48; 32 Fed. 745; 24 N. E. 329; 24 Pac. 1043; 14 S. E. 854; 25 So. C. 409.

*John M. Harrell,* for appellee.

1. The notice by publication was not sufficient. 49 Am. Dec. 111; 139 U. S. 137; 30 Ark. 661; 57 *id.* 49.

2. This was a case of *constructive* service. Mansf. Dig., secs. 1148, 4539. And appellee had the right to a retrial at any time within two years. Sand. & H. Dig., sec. 5882.

3. The judgment was *void,* and the answer presented a good defense. 39 Minn. 336; 12 Am. St. 657; 45 Ark. 96; 55 *id.* 192.

4. This was not a proceeding *in rem.* 42 Ark. 77-9. The statute requires evidence of notice to appear of record, and the record alone can be looked to. 55 Ark. 30; 51 *id.* 34; 140 U. S. 634; 55 Ark. 218.

*C. V. Teague* and *S. R. Cockrill,* for appellee.

1. The decree recites that the cause was heard in part upon oral testimony. The bill of exceptions does not contain this oral testimony. It does not profess to set forth all the evidence. This court in such cases will presume that every fact susceptible of proof, that could

have aided appellee's case, was fully established.   44
Ark. 76; 59 *id.* 251; 35 *id.* 230; 38 *id.* 481; 45 *id.* 310.

2.   The forfeiture was absolutely void.   140 U. S.
634; 55 *id.* 218.

3.   The notice of publication was insufficient.   30
Ark. 661; 16 How. (U. S.) 610; 139 U. S. 137, 148.   No
presumption can be indulged.   55 Ark. 213; 50 *id.* 390;
38 *id.* 181, 195; 52 *id.* 312.   The notice is part of the
record.   47 Ark. 120.   Jurisdictional facts must appear.
52 Ark. 312; 55 *id.* 30; 147 U. S. 173; Waples, Att., sec.
640.

4.   Martin had *no deed* when he gave notice.
Myers' deed was a nullity.   Mansf. Dig. sec. 4245.
The amendment to the complaint set up a *new* deed, a
new cause of action, and a new publication was neces-
sary.   Works, Jurisdiction, p. 42; 56 Ark. 419.   The
decree of confirmation does not estop appellee from rais-
ing the question as to Myers' authority.   It settles
nothing, except that the proceedings up to and includ-
ing the sale for taxes are regular.   56 Ark. 419.   Myers
was not an officer at all.   Mansf. Dig. sec. 4182.   He
was not even a *de facto* officer.   17 Ark. 332; 83 Ky.
367, 372; 41 N. W. 459; Mech. Pub. Off., sec. 38.   It
was a fraud to mislead the court by representing that
the deed was executed by *the commissioner*.   50 Ark.
458.   Such acts cannot be ratified.   Mech. Pub Off.
sec. 536.

5.   The action was premature.

6.   In addition to cases cited on insufficiency of pub-
lication of notice, see 85 Ind. 264; 56 *id.* 253; 37 Miss.
567-573.

BUNN, C. J.   These two cases are to be considered
together, the difference between them being mostly as
to the manner in which they were presented to the court
below.

It appears that R. W. Martin purchased the lands involved in both suits from the commissioner of state lands, on the 16th day of June, 1887, and received his deeds for the same on that day and of that date; that said deeds were executed in the name of Paul M. Cobbs, commissioner of state lands, by C. B. Myers, deputy commissioner; and that, on the 22d of July, 1887, Martin filed his petition for the confirmation of the tax-sales by which said lands had been certified to the state for the non-payment of the taxes for 1884, exhibiting his deeds therewith, and gave notice in form as required by statute in such cases, by publication in the Hot Springs Sentinel, a weekly newspaper, then published in the city of Hot Springs, where said lands are situated, by six weekly insertions, to-wit, on July 30, Aug. 6, 13, 20, and 27, and Sept. 3, 1887.

On the 28th of March, 1888, having discovered a defect in the deeds first filed with the petition as aforesaid, in this, that the said deputy commissioner had not been formally appointed as such, the said R. W. Martin filed an amended petition, exhibiting therewith proper deeds from the commissioner in person; and on the 17th of January following, the petition and amended petition coming on for hearing, upon proper finding as to forfeiture, description, and purchase from the state, the Garland circuit court in chancery entered its decree of confirmation, in due form.

It appears, further, that appellant, Fannie A. Hawkins, after the expiration of the term at which said confirmation decree was rendered, to-wit, on the 25th of April, 1889, filed her petition and amended petition, setting up that she was the owner of certain of said lots, and contesting said confirmation decree,—First, on the ground of sundry alleged irregularities in the assessment, sale, forfeiture, and certification of said lots to the state; secondly, that she had regularly paid all prior

taxes due on said lots, but that the tax receipt of the taxes of 1884 had been misplaced and could not be found, that the deed upon which the notice of confirmation was founded, that is to say, the deed from the commissioner of state lands, by his reputed deputy, C. B. Myers, was void, and that all proceedings thereon were consequently void, and that the notice was not published as required by law. This was denominated "an answer and cross-bill" in the original proceedings by Martin for confirmation, but seems to have been treated as a bill of review to set aside the confirmation decree. This constituted what is here case No. 2689.

On the 4th of September, 1890, appellee, Garrett, filed his bill of review, having for its object the annulment of said confirmation decree; also setting up the same grounds as did his co-appellee, Fannie A. Hawkins, except as to the payment of the taxes for 1884. This case is No. 2690.

It further appears that the said Paul M. Cobbs was commissioner during the years 1885 and 1886, and on the 30th October, 1886, was commissioned, in pursuance of a previous election, as commissioner of state lands, for his second term, thus succeeding himself, and that the said C. B. Myers had been, during his first term, his regular appointed and acting deputy, but that by some oversight or inadvertence the commissioner had failed to formally reappoint him as deputy for the second term, but that he had continued to act as such, and, while so acting, executed the deed in question, in the name of the principal.

There was a decree in each case for the petitioner annulling the confirmation decree, mainly on the ground that the deed of the commissioner of state lands to Martin by his said alleged deputy was void, because of the want of authority in said deputy as aforesaid. In the meantime, Martin having died, his widow, Annie E.,

was appointed administratrix of his estate, and the causes were revived in her name as such, and in the name of the children and heirs of Martin, and they appealed to this court, and the issues suggested in the court below now come up for review.

There is a motion pending in the court, at the instance of the appellees, to dismiss the appeals, for the reason that, while the record shows that oral testimony was taken, yet there is no bill of exceptions showing that all the testimony is now presented to this court. When a cause has been determined in the trial court on the weight of evidence, it stands to reason, and accords with all precedents and the decisions of this court, that all the evidence should be presented to the appellate court. This can only be done by bill of exceptions or by writing in nature of agreed statement or deposition, where oral testimony has been used, and in such case the bill of exceptions must be such as to show to the appellate court that it contains all the testimony, *dehors* the record, adduced in the trial court. But when the finding and judgment of the trial court, as in this case, show that the judgment is not in accord, or is not consistent with the facts found, the judgment will be reversed, if the error be a reversible one,—that is, material. That question will be determined in determining the various questions which follow.

*When unnecessary to bring up the evidence.*

The confirmation decree of the court having jurisdiction to render it cuts off all controversy as to the mere irregularities of the original tax-sale and forfeiture, such as mere errors in assessment and in the return made thereof, the advertisement, and the payment in part of the taxes, and subsequent misconduct or mistakes of officers, as all these might have been the subject of an answer in the confirmation proceedings, and are not such matters as show a want of jurisdiction of the court to decree confirmation. This leaves but two questions

*Conclusiveness of decree of confirmation.*

to be settled,—the one as to the deeds of Cobbs by the deputy, and the other as to the notice,—these being all that may be considered as jurisdictional, and therefore all that really could affect the confirmation decree.

Right of petitioner to file amended deed.

*As to the deed:* It appears that the petition with the defective deed exhibited therewith, or referred to therein, was filed just before the notice for confirmation was first published, and that an unobjectionable deed was substituted by the way of amendment about eight months afterwards. It appears, also, that Cobbs, in the meantime, having discovered his failure to reappoint his said deputy for his second term, regularly appointed him, reciting that the appointment should relate back and have effect from the commencement of his said second term, and also confirming and ratifying all that his said deputy had done as such in the meantime.

The statute authorizing confirmation proceedings reads as follows (Mansf. Dig., sec. 577): ''The purchasers, or the heirs and legal representatives of purchasers, at all sales which have been, or may hereafter be, made, may, when such lands are not made redeemable by any of the laws of this state applicable to such sales, or, if redeemable, may at any time after the expiration of the time allowed for such redemption, publish six weeks in succession, in some newspaper published in this state, a notice calling on all persons who can set up any right to the lands so purchased, in consequence of any informality or illegality connected with such sale, to show cause at the first circuit court which may be held for the county in which such lands are situated, six months after the publication of said notice, why the sale so made should not be confirmed, which notice shall state under what authority the sale took place, and also contain the same description of the lands purchased as that given in the conveyance to the buyer, and, further, shall declare the price at which the land

was bought and the nature of the title by which it is held." The preceding section provides what class of purchasers may enjoy the benefits of this act.

The contention of the appellees is that, as there was, before the notice was given, no valid conveyance from the commissioner of state lands to Martin, so the conveyance mentioned in the latter part of the section quoted above never had any existence, and therefore there could not have been any compliance with the terms of the law in the matter of the description to be set forth in the notice. To maintain this contention, it would, of course, have to be shown or assumed that the deed in question was not merely voidable, but absolutely null and void, and incapable of being given vitality, so as to make it operative for any purpose. We do not think this contention well founded. In the first place, the defect is not one attributable to the grantee in the deed; and, in the next place, it is shown to be one made by oversight; and, in the third place, it is an attempt purely and solely affecting the state and the grantee, in so far as the question of title is concerned. Under such a state of facts, it would be contrary to all principles of equitable procedure to say that the holder of the defective deed cannot, at any time before decree in equity, have the same corrected, and made to speak the truth, by the party authorized to make it in the first instance.

The conveyance referred to in the statute, from which the description given in the notice must be taken, or to which it must conform, is evidently the conveyance to the state. It is true also that the petitioner should show such a title by purchase direct at tax-sale, or from the state, as will entitle him to the benefits of the act. In attempting to do this, it is sufficient, of course, that he exhibit a good deed with his petition, and in equity, also, that he show himself entitled to a good

deed, and has procured it before hearing. Any other rule would partake of the nature of technicality,—a system now happily discarded.

Sufficiency
of publication
of notice.
The notice was published by six successive weekly insertions,—the first on the 30th of July, the last on the 3d of September, constituting, it is true, a period of time equal to thirty-seven days; yet, according to the weight of authorities, the notice so published must not be measured by such a restricted rule. The notice must be "published six weeks in succession," six months before the beginning of the term at which the petition is to be heard. The petition in this case was called up for hearing on the 17th of January, 1889, and during the September term, 1888. The September term of the Garland circuit court began at that time on the 4th Monday of September, and it appears that this was more than six months subsequent to the 10th of September, 1887, giving the longest possible time for the notice to run—six full weeks, or forty-two days, from the first publication, and the six months thereafter before the beginning of the term. For, indeed, the six months from September 10th had expired before the beginning of the term to which the notice was directed (March term, 1888), but the hearing was doubtless postponed because of the filing at that time of the amended petition. The amended petition was, perhaps, no cause for delay, as even the filing of the original petition might have been delayed until then, but this delay is something of which appellees could not complain.

As to what notice is sufficient, under statutes similar to the one upon which these confirmation proceedings are based, we refer to the following authorities, to-wit: *Pennell* v. *Monroe*, 30 Ark. 661; *Howard* v. *Hatch*, 29 Barb. 297; *Wood* v. *Knapp*, 100 N. Y. 109; *Madden* v. *Cooper*, 47 Ill. 359; *Alexander* v. *Messervey*, 35 S. C. 409 (14 S. E. 854).

The decree of the Garland circuit court in chancery in each case is inconsistent with the findings of facts, which we find to be correct, and is therefore reversed and remanded, with directions to enter decree accordingly.