## Commonwealth v. Middleton, et al.

(Decided November 14 1924.)

### Appeal from Harlan Circuit Court.

1. Acknowledgment—Verity of Certificate Could be Attacked Under Allegation of Fraud.—Under Kentucky Statutes, section 3760, verity of certificate of clerk could be attacked on ground that clerk misread instrument under allegation of fraud, especially where attack is not upon certificate, but upon fraudulent act of clerk in obtaining acknowledgment.

2. Witnesses—Testimony of Grantor, Concerning Deceased Deputy Clerk's Fraud in Taking Acknowledgment, Properly Excluded.— Testimony of grantor in action against her concerning fraud of deceased deputy clerk in taking acknowledgment, was properly excluded.

3. Deeds—Evidence Held to Sustain Finding that Conveyances to Railroad Obtained by Fraud.—In action by Commonwealth to dispossess defendants of land, title to which had been escheated to it from railroad from nonuser, evidence held sufficient to sustain finding that conveyances to railroad were procured by fraud.

4. Acknowledgment—Finding that Clerk Procuring Conveyances of Land for Railroad was Acting for Grantee Sustained by Evidence.—In action by Commonwealth to dispossess defendants of lands, which had been escheated to it from railroads for nonuser, finding that clerk who took acknowledgments to deeds was acting for railroad, so that it was liable for his fraud, held sustained by evidence.

5. Limitation of Actions—Statutes Apply to Actions and Not Defenses.—Statutes of limitations apply only to actions and not to defenses, and do not apply as against claimants of land in action by Commonwealth to disposses them, on ground land had escheated to Commonwealth from railroad for nonuser; defense being that railroad was guilty of fraud in acquiring land.

6. Trial—Motion to Transfer to Equity Held too Late.—Motion to transfer to equity, not made until all testimony had been introduced and motion for directed verdict had been overruled, was too late.

7. Appeal and Error—Erroneous Instruction Held Not Prejudicial.—Where there was no contradiction of defendant's evidence of fraud, and same fraudulent acts were proven alike in procurement and execution of deeds by all defendants, plaintiff was not prejudiced by fact that instruction submitted question of fraud with respect only to one of defendants.

8. Pleading—Not Prejudicial Error to Permit Defendant to Respond in Rejoinder to Allegations in Reply that should have been Contained in Petition.—It was not prejudicial error to permit defendant to respond in her rejoinder to allegations in reply that should have been contained in petition, and which, if appearing there, would have rendered answer insufficient, though allegations should have been put in by amendment of answer.

9. Railroads—Commonwealth Takes Only Such Title to Escheated Land as Railroad Had.—Where Commonwealth escheats land of railroad for nonuser, it is not purchaser for value, but takes only such title and rights as railroad actually had at time.

FRANK E. DAUGHERTY, Attorney General, and J. S. FORESTER for appellant.

HALL, JONES & LEE for appellees.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

By this action the Commonwealth seeks to dispossess defendants of two adjacent strips of land, the title to which of certain railroad companies had been escheated to it for nonuser. Upon a former appeal the an-

swer of the defendants, in so far as it pleaded fraud upon the part of the railroad companies in obtaining deeds from them, was held good. Middleton v. Commonwealth, 200 Ky. 237, 254 S. W. 754. Upon a trial of that issue before a jury, the claim of fraud was sustained and the petition dismissed. By this appeal the Commonwealth seeks a reversal of that judgment.

The first insistence is, that there was no competent evidence of fraud.

In support of their claim defendants proved that the deputy clerk, who took the grantors' acknowledgments and procured the execution of the deeds in question, misread the contents of the deeds and falsely represented that instead of conveying the fee they conveyed only a right for five years to construct a railroad on the land. It is insisted first that this evidence was incompetent because in violation of section 3760 of the statutes, and second because there is no proof that the clerk was acting for the grantees.

The statute referred to prohibits attacks upon the verity of an officer's proper certificate in other than a direct proceeding against him or his sureties, "except upon the allegation of fraud in the party benefited thereby, or mistake on the part of the officer." As there was such an allegation of fraud here, it is obvious the statute does not apply. Besides, the attack is not upon the verity of the certificate of acknowledgment, but upon the fraudulent act of the clerk in obtaining such acknowledgment, admittedly made in due form of law as certified.

The only pertinent objection, therefore, is that the clerk was not shown to be acting for the grantee, and that as a consequence any misrepresentations made by him to induce the grantors to execute the deeds are not chargeable to the grantees or their successors in title.

The clerk and the grantors, except Mrs. Middleton, are dead, and her offered evidence on the subject was properly excluded whenever objected to. But it is shown by Lloyd Coldiron, a competent witness, that the clerk brought the prepared deeds to the home of the grantors and procured them to execute same by falsely representing the deeds to convey only a limited right of way over the lands, and fraudulently pretending to read same to the grantors in accordance with such representations.

Mrs. Coldiron testified, without objection, that the clerk negotiated the trade for the land, and E. M. Howard and T. H. Howard that he, at about the same time,

represented the grantee in obtaining from them and others other portions of the proposed right of way. That this was some evidence, and if uncontradicted clear and convincing proof, that the deeds were procured by fraud on the part of the clerk, and that in so doing he was acting for the grantee is obvious, and the contrary contention is without merit.

The next insistence is that since the deeds were executed in 1903, and the attack upon them for fraud was not made until 1921, it was barred by the statute of limitations pleaded.

The statutes of limitations, however, apply only to "actions" and not to defenses, as this court has held in conformity with case and textbook authority generally. Louisville Banking Co. v. Buchanan, 117 Ky. 975, 80 S. W. 193, 4 Ann. Cas. 929, and note; Aultman & Co. v. Meade, 121 Ky. 241, 89 S. W. 137; Wilhite v. Hamrick, 92 Ind. 594; Morrow v. Hanson, 9 Ga. 398; Rodman v. Hampton, 26 Mo. App. 504; Evans v. Yongue, 8 Rich (S. C.) 113; Buty v. Goldfinch, 74 Wash. 532; 1915A Ann. Cas. 604, and note; 25 Cyc. 1063, 17 R. C. L. 745.

Defendants have remained in peaceable possession of the land ever since the deeds were executed; they are not seeking cancellation, reformation, or affirmative relief of any kind, but are simply defending against the effort now made for the first time to oust them of possession. The right so to do, not being within either the terms or the contemplation of the statutes of limitations, is not barred thereby, as the above authorities clearly show.

Appellants also complain of the court's refusal to transfer to equity, but this motion was not made until all the testimony had been introduced and the motion for a directed verdict had been overruled, and was too late. Hence, whatever its merits if timely made, the court certainly did not err in overruling it at practically the completion of the trial before a jury.

As the plaintiff did not introduce any evidence upon the question of fraud, having been content to introduce only the deeds admittedly regular in form, it is clear the verdict was not flagrantly against the evidence.

Not only so, but as there was no contradiction of defendant's evidence of fraud, and the same fraudulent acts were proven alike in the procurement and execution of the deeds by all of the grantors, it is clear that plaintiff was not prejudiced in the least by the fact the in-

structions submitted the question of fraud with respect only to one of the grantors rather than all of them, since both the pleadings and the proof included all alike, and the jury could not have found fraud with reference to one and its absence as to the others.

It is insisted, however, that fraud was not properly pleaded except as to the single defendant referred to in the instructions. The basis of this contention is the fact that in the answer held good upon the former appeal, fraud was alleged only in the procurement and execution of the deeds by this defendant, Mrs. Middleton. But the whole title was conveyed to her by the other grantors after their execution of the deeds to the railroad company, and the fact she did not own the land when those deeds were executed first appears in the reply, and in the rejoinder defendants alleged that the deeds were fraudulent alike as to all of the grantors.

While ordinarily this should have been by amendment of the answer, the answer has been held sufficient by this court, and it certainly was not prejudicial error to permit defendant to respond in her rejoinder to allegations in the reply that should have been contained in the petition and which, if appearing there, would have rendered the answer insufficient.

As plaintiff was not a purchaser for value but took only such title and rights as the grantees actually had when their title was escheated, it occupied no better position than they would had they undertaken to oust defendants.

Perceiving no error upon the trial or in the record prejudicial to appellant's substantial rights, the judgment is affirmed.