JONES *v.* HAMMONS.

Opinion delivered July 7, 1930.

*S. W. Woods* and *Karl Greenhaw,* for appellant.

*W. P. Spears* and *J. M. Shinn,* for appellee.

HUMPHREYS, J. This suit was brought by appellees against appellants to re-establish an obliterated or lost corner in order to locate definitely the dividing line between certain lands owned by appellees and appellants in Newton County. It is admitted in the pleadings that appellees owned, according to Government calls, that part of the northwest quarter of the northeast quarter of section 7, township 16 north, range 20 west, south of Buffalo River and the southwest quarter of the northeast quarter of section 7, township 16 north, range 20 west, and that appellants owned, according to Government calls, the east half of the southwest quarter and the northwest quarter of section 7 in township 16 north, range 20 west.

After the issue as to the location of the division line was joined and the cause was called for trial appellees introduced Tom Jones, surveyor of Boone County, who testified that he correctly surveyed out the division line according to the United States Government field notes, and marked same upon the land.

Appellant then introduced J. E. Bolin, deputy county surveyor of Newton County, who testified that he correctly surveyed out the division line according to the United States Government field notes and marked same upon the land, and also introduced Brice Jones as a witness, at which juncture the court stopped the proceedings and appointed Capt. Charles Le Vasseur of Yellville to

survey out the true division line. Le Vasseur sent a substitute who was not satisfactory to the parties, and that survey was not made. The court then appointed the surveyor of Johnson County to survey out the division line and continued the case. His survey was never completed. At the next term the court appointed R. A. Sturgeon, who was connected with the State Highway Department, to survey out the division line and continued the case. At the next term of the court Sturgeon filed a report showing that he made a partial survey without notice to the parties, and to which exceptions were filed by both appellants and appellees. The court then took the case under advisement for further consideration and rendition of a decree in vacation.

The final decree rendered in vacation, from which both appellants and appellees have appealed to this court, contained the recitals that the case had been in court a long time and if permitted to go on the costs would exceed the value of the land; that on his own motion he declined to hear further evidence or to appoint another surveyor to locate said line; that he would sustain the exceptions of both parties to the R. A. Sturgeon survey because incomplete and made without notice to the parties; that from the evidence before him he could not tell where the line was; and that, over the objection and exception of both appellants and appellees, he would equitably adjust the matter by directing the line between the lands involved be located at an equal distance between the Jones and Bolin surveys and order and adjudge that the line be located at said point, that each party pay his own costs and that the court costs be divided between them.

As we read the findings and decree of the court the line was located by way of equitable adjustment or compromise because it was impossible for the court to determine from the evidence where the true division line was. The recital in the decree that the court refused to hear additional testimony or order another survey on account of the expense incident thereto reflects that the case was not fully developed.

In this undeveloped condition of the case it is impossible for this court on trial *de novo* to locate the true division line.

The decree is therefore reversed, and the cause is remanded with directions to the court to hear further testimony and determine from all the evidence in the case where the true division line is.