## Crace v. Morgan County National Bank.

(Decided March 22, 1935.)

BYRD & ALLEN for appellant.

H. H. RAMEY and WALTER PRATER for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY—Reversing.

On December 16, 1926, Lee Crace, as principal, and his wife Emma Crace, executed and delivered to the Morgan County National Bank their note for $3,000, payable on demand. To secure the note Crace and wife on January 13, 1927, executed, acknowledged, and delivered to the bank a mortgage covering two tracts of land, one belonging to the wife and the other to Crace. The indebtedness not having been paid, the bank brought this action to recover on the note and enforce its mortgage lien. Emma Crace pleaded non est factum and took several depositions supporting her defense. The chancellor sustained the defense and ordered a cancellation of the mortgage in so far as it covered the land of Emma Crace. On appeal, the judgment was reversed on the ground that section 3760, Kentucky Statutes, was controlling, and, the action not being a direct proceeding against the officers or his sureties,

Mrs. Crace could not on the mere plea of non est factum, without allegation of fraud in the party benefited or mistake on the part of the county clerk, discredit his certificate that she had acknowledged the mortgage as her own, and the cause was remanded, with directions to permit Mrs. Crace to amend her answer so as to conform to the statute if she so desired, "and to offer further evidence in support of her defense." Morgan County National Bank v. Crace, 249 Ky. 461, 61 S. W. (2d) 10, 11. On the return of the case Mrs. Crace amended her answer so as to conform to the statute, but offered no further evidence. The court rendered judgment in favor of the bank, and she appeals.

The only reason that the evidence formerly taken could not be considered was that there was no plea of fraud in the party benefited or mistake on the part of the officer. Therefore, when the amended anwer pleading fraud was filed, the evidence theretofore taken was available, as well as any further evidence that Mrs. Crace might desire to take. Indeed, all those who were actually present at the time her acknowledgment was taken gave their depositions, and it is not perceived what further evidence she could have offered. It will be observed that the note was executed several days prior to the time it is claimed that Mrs. Crace signed and acknowledged the mortgage. Mrs. Crace deposed that neither on January 13, 1927, nor at any other time did she sign the note for $3,000 or sign, acknowledge, or deliver the mortgage on the land set out in the petition. Nor did she ask, direct, or procure or authorize any one to sign her name either to the note or to the mortgage. She further testified that the county clerk of Magoffin county brought the mortgage to her for her signature and that she refused to sign it, and that she never knew that her name was on the mortgage until about a year before she testified. After she learned that her name appeared on the mortgage, she never gave the bank any notice that she did not sign the mortgage or that it was not her obligation.

Mabel Crace, Emma Crace's daughter, testified as follows: She and her mother were at home on January 13, 1927. Abel Crace came to their home and said that he came to get her mother to sign the mortgage. When he asked her mother if she was going to sign the mortgage, she said "No, sir." Her dad then signed it and

walked out. Abel asked her again if she was going to sign it, and she said, "No, sir." When her mother said that she would not sign it, witness said, "I will sign it," and signed her mother's name. Abel said, "Write it as near like your mother as you can." She did not tell her mother that she had signed her name to the mortgage. The mortgage was not read to her mother before witness signed her name to the mortgage. Her mother was in the room when witness signed her name, but did not say anything. Her mother did not get the pen and ink for her to sign, but Abel furnished a fountain pen to sign the mortgage.

Abel Crace, who certified to the acknowledgment, after testifying that he was deputy county court clerk under his father and that he went to the home of Emma Crace and Lee Crace for the purpose of having them acknowledge the mortgage, gave the following account of the transaction, to which there was no objection:

"I went to the home of the defendant, Emma Crace, and presented the mortgage referred to herein for her signature she said that she would not sign it, and as I recall went and sat down before the fire and begun to cry, after she had refused to sign the mortgage her daughter, Mable Crace said she would sign it, and that is she would sign her mother's name to it. Her mother spoke and said you had better not, you will get into trouble. I, over the objection of Mrs. Emma Crace permitted the girl to sign her Mother's name. I can not explain why I did it."

He further testified that Emma Crace was his aunt by marriage and that his certificate that the mortgage was acknowledged by her was incorrect.

In view of this evidence, and it is not contradicted by any witness or circumstance in the case, the conclusion is inescapable that Mrs. Crace never signed or acknowledged the mortgage or authorized her daughter to sign it, and that the action of the deputy county court clerk was a fraud on her rights. While it may be true as a general rule that one who takes acknowledgments is not ordinarily an agent for either party, yet where, as here, the officer is furnished with the mortgage and asked to leave his office and go to the

home of the mortgagors for the purpose of taking their acknowledgments, we doubt not that he becomes the agent of the mortgagee to the extent that the mortgagee becomes the beneficiary of his fraudulent act. Commonwealth v. Middleton, 205 Ky. 570, 266 S. W. 37. It follows that the court should have canceled the mortgage in so far as it covered the land of appellant.

Judgment reversed, and cause remanded, with directions to enter judgment in conformity with this opinion.