## Plant *v.* Johnson.

4-7544                                          185 S. W. 2d 711

Opinion delivered February 26, 1945.

*A. L. Rotenberry,* for appellant.

*Fred A. Snodgress,* for appellee.

*Verne McMillen* and *J. H. Carmichael, amici curiae.*

McFADDIN, J.   The first appeal in this case was dismissed as premature. *Johnson* v. *Plant,* 207 Ark. 871, 181 S. W. 2d 240.   Thereafter the cause was tried in the circuit court, and from final judgment comes this appeal which involves the construction and effect of Act No. 423 of 1941.

Plant filed action in ejectment on February 15, 1944, against Charles Johnson and wife.   Lenon intervened and joined Johnson in defense.   Plant claimed to be the owner and entitled to the immediate possession of the property.   He stated that the defendants were in possession, and deraigned his title as follows: the property (two lots in the City of Little Rock) forfeited to the State for the nonpayment of the taxes of 1937, and was sold by the State for a legal consideration to J. Fielder on January 2, 1941.   Fielder conveyed by deed to Plant on November 15, 1941.   On November 10, 1942, the State secured a decree of confirmation under Act No. 119 of 1935, and amendatory acts.   No objection to the confirmation was made at the time of the decree, nor within one year thereafter.   No suit of any kind contesting the tax forfeiture was filed within one year of the decree of confirmation. On this title and showing, Plant claimed title and right to possession.

The defendants and intervener by their answers pleaded that they were the owners of the property prior to the 1937 tax sale, and that the tax sale was based on an

unconstitutional and illegal tax levy for the Police and Firemen's Pension Fund of the City of Little Rock, which tax levy was held void in *Schuman* v. *Walthour,* 204 Ark. 634, 163 S. W. 2d 517. Defendants contended that the tax sale was void and the confirmation decree was void. The defendants were in possession of the property; and they made due tender of all legal taxes, penalties, and costs.

The appellant Plant claimed that by Act No. 423 of 1941 the defendants and intervener lost the right to question the confirmation decree, because the lapse of one year from the tax confirmation decree of November 10, 1942, cut off all right to question the title of the purchaser from the State, except for one point—*i. e.,* prior payment of the tax—and there was no claim or allegation of prior payment of the tax in this case.

The cause was tried in the circuit court on an agreed statement reflecting the facts which we have detailed. The circuit court held that Act 423 of 1941 did not have the effect claimed by the plaintiff, and rendered judgment for the defendants and intervener; and there is this appeal. All parties state that the effect to be given Act 423 of 1941 is the point to be decided on this appeal.

I. *Except for Act 423 of 1941, This Case Would Be Ruled by Lumsden* v. *Erstine.* The statement in this section will be demonstrated in the following lettered paragraphs.

(a) *Sale Under a Void or Illegal Tax.* The parties herein stipulated ''that said delinquent tax sale of said property for the year 1937 was null and void for the reason, among other reasons, that the said sale was based upon an unconstitutional levy of taxes which included an illegal tax levy for the Police and Firemen's Pension in the City of Little Rock.'' Regarding this tax and its illegality, reference is made to *Adamson* v. *Little Rock,* 199 Ark. 435, 134 S. W. 2d 558, and *Schuman* v. *Walthour, supra.* There was thus a void tax and an attempted sale which was no sale at all, as shown in (b) below.

(b) *A Void Tax Defeats the Power to Sell.* In *Lumsden* v. *Erstine,* 205 Ark. 1004, 173 S. W. 2d 409, 147

A. L. R. 1132, we said "this court has held that the inclusion of an illegal tax defeats the power to sell, and confirmation proceedings cannot cure the defect. Some such cases are: *Fuller* v. *Wilkinson,* 198 Ark. 102, 128 S. W. 2d 251; *Smart* v. *Alexander,* 201 Ark. 211, 144 S. W. 2d 25; *Sherrill* v. *Faulkner,* 200 Ark. 1006, 142 S. W. 2d 229."

(c) *The Confirmation Decree Could Not Cure the Void Sale Because the Power to Sell Was Absent.* In *Lumsden* v. *Erstine, supra,* we said:

"But it has been contended that even if the power to sell was defeated by reason of the excessive charge in the tax sale of 1930, still the confirmation proceedings in 1936 cured the sale of any such defect. We revert to the language of *Faulkner* v. *Binns, Trustee,* [202 Ark. 457, 151 S. W. 2d 101] and *Fuller* v. *Wilkinson, supra,* to show that the confirmation can cure all defects *except those that relate to the power to sell.* The power to sell is defeated by the excessive charge; so the confirmation proceedings could not cure the defect of excessive charge, because the excessive charge defeated the power to sell. To say that the confirmation proceedings in 1936 cured the illegal taking of property for an excessive charge in 1930 is the same thing as to say that the breath of life can be breathed back into a corpse after a lapse of years."

It, therefore, follows that the effect of the confirmation decree of November 10, 1942, in this case was nil, unless Act No. 423 of 1941 gives it some force. This act was not involved in *Lumsden* v. *Erstine,* as we there said:

"At the outset, we point out that Act 423 of 1941 does not apply in this case because the confirmation decree herein was in 1936; and this court held in *Schuman* v. *Walthour,* 204 Ark. 634, 163 S. W. 2d 517: 'We hold, therefore, that Act 423 was not intended to and does not apply to confirmation decrees rendered prior to its passage, but only to those subsequently rendered'."

II. *Act 423 of 1941 Cures Only Voidable Defects.* This act amended § 8719 of Pope's Digest and § 2 of Act 318 of 1939. This act consists of four sentences, and we number and emphasize them. The act reads:

"(1) The decree of the chancery court confirming the sale to the State of such real property, as aforesaid, shall operate, except only as subsequently in this section expressly provided, as a complete bar, both at law and in equity, against any and all persons, firms, corporations, quasi-corporations, associations, trustees, and holders of beneficial interests, who may thereafter assert or defend claims to said property, and as a vesting of the complete and indefeasible title to said property in the State and its grantees in fee simple, free and clear of all such claims; *and it shall so operate, regardless of whether the sale to the State thereby confirmed may, but for such confirmation, have been voidable because of more defects or irregularities occurring in the proceedings therefor.* (2) The owners of any real property embraced in the said decree may, however, by appropriate pleading filed within one year from and after its rendition, attack the said decree insofar as it relates to their property, either in the same cause in the said chancery court or in a separate cause in the same or any other court of competent jurisdiction, upon any ground which would have constituted a meritorious defense to the complaint upon which the said decree was rendered; and any such attack, made within the said one-year period as aforesaid, shall be taken to be direct attack as of the same term when the said decree was rendered. (3) All attacks upon the said decree made after the said one-year period shall be taken to be collateral attacks and shall be wholly ineffectual. (4) Provided nothing in this act shall prevent any person attacking such decree at any time on the grounds that taxes have actually been paid."

It will be observed that the first sentence is divided by a semicolon, and the language after the semicolon modifies and explains all of the language before the semicolon. The language after the semicolon reads "and it shall so operate, regardless of whether the sale to the State thereby confirmed may, but for such confirmation, have been *voidable* because of more defects or irregularities occurring in the proceedings therefor." We have emphasized the word *voidable* to show that the decree operates as a confirmation of title only when the sale to

the State was merely *voidable*. This quoted clause makes the .decree refer only to voidable defects. The decree could not cure matters that rendered the sale void, and the Legislature, in using the word *voidable* instead of *void* thereby recognized that the confirmation decree could only cure voidable defects—*i. e.*, "*mere* defects or irregularities occurring in the proceedings therefor," that is, matters that do not go to the power to sell. It could not validate a void sale. *Fuller* v. *Wilkinson, supra*, decided by this court in 1939, channeled the limitation of legislative authority in that respect. The absence of the power to sell makes the purported sale herein void, not merely voidable, and the first sentence of Act 423 of 1941 limits the potency of that act to voidable defects. It does not make valid a void sale.

The second sentence of Act 423 gives owners of property where the voidable defect was cured, one year to recover their property. The third sentence relates to attacks after the year. This sentence necessarily refers to attacks that the decree of confirmation could have cured—*i. e.*, voidable defects. This sentence could not refer to a void sale. The fourth sentence of the act relates to the effect of proof of prior payment.

The essential thought that we desire to establish from this sentence analysis of the act is that it is only a *voidable* defect that this act cures; and that the absence of "power to sell" is a defect that makes the sale void, not merely voidable. This Court, in the cases hereinbefore cited, has repeatedly stated that an excessive levy, or an excessive charge, or the inclusion of an illegal tax, makes a void sale and defeats the power to sell. That is the case before us.

III. *Act 423 of 1941 as an Act of Limitations.* Appellant contends that in *Schuman* v. *Walthour, supra,* we said that Act 423 of 1941 was an act of limitations, and not merely a curative act. That is true. We did so state, because the act allows one year to contest the decree which confirms the sale against voidable defects. To that extent it is a statute of limitations as to all issues within the court's jurisdiction. But appellant contends that by

Act 423 the confirmation decree fixed a date for the beginning of the running of a statute of limitations of one year in favor of the State, and its grantees, against the prior owners, regarding all the lands involved in the decree, whether the sale effected was voidable or void, and that upon the expiration of this period of one year from the decree, the holder of the tax title acquired a title impervious to any attack. In support of this contention, the appellant compares this one-year provision in Act 423 of 1941 to the two-year limitation statute contained in § 8925 of Pope's Digest. The appellant argues that in cases construing § 8925 of Pope's Digest, we have held that no suit may be brought against a person who has held two years actual adverse possession under a tax deed containing a definite description, even though the tax sale be void for want of power to sell. This is a true statement of our holdings under § 8925 of Pope's Digest. Some of the cases so holding are reviewed in *Chavis* v. *Henry*, 205 Ark. 163, 168 S. W. 2d 610.

We point out, however, that there is a clear distinction between the rights of a holder and possessor of the land claiming under § 8925 of Pope's Digest, and the position of the appellant in the case at bar; and that distinction may be summed up in one word, to-wit: *possession*. Section 8925 of Pope's Digest is bottomed on *actual adverse possession* under a deed definitely describing the land, and giving color of title. In such a case the occupant cannot be ousted. Appellant in his complaint alleged that the appellees were in possession; and in the appellant's brief in this Court it is expressly conceded that appellees "were and are now in possession of said property."

The question then arises: What is the effect of the confirmation decree on the rights of the appellees? Since the confirmation decree could not supply the fatal absence of the "power to sell," we hold that the confirmation decree was likewise ineffectual to set in operation any process whereby, through mere lapse of time after a void sale, the landowner in possession would lose his title and possession to one claiming under such confirmation de-

cree. The right of possession of an owner is too substantial to be lost in the manner undertaken in the instant case. In 34 Am. Juris. 29, in discussing "requirement that party in possession bring suit," the rule is stated:

"Hence, a statute cannot be sustained as one of limitations where it requires a party in full possession and enjoyment of property to bring an action within a given time or else forfeit it. A person in the possession of property cannot be required under penalty of forfeiture to bring an action against one claiming an adverse interest or title to such property."

In our own case of *Radcliffe* v. *Scruggs,* 46 Ark. 96, Mr. Justice WILLIAM W. SMITH recognized this principle when, in referring to a statute there involved, he said:

"But in this sweeping enactment the legislative department transcended the boundaries of its powers. It could not, under the Constitution of 1868, or any similar Constitution, enact a statute which should transfer one man's property to another, under a guise of a sale for nonpayment of taxes, when there had been no assessment or no levy of taxes. This would not be due process of law. Neither could it prescribe a short period of time, nor indeed any period, within which the owner must make his objection for such fundamental defects, he remaining in possession and being, in the instance supposed, in no default for not paying his taxes.

"This two years statute came before this court in *C. & F. R. Co.* v. *Parks,* 32 Ark. 131. The substantial defense in that case was that the county court had attempted to levy a school tax without being thereunto authorized by a vote of the qualified electors of the school district. It was decided that the statute had no application to such a case. And the decision was sound, since the objection went to the jurisdiction of the county court to levy the tax. It was not a question of irregularity, but of power."

In *Fuller* v. *Wilkinson, supra,* the rule was reiterated in this language:

"We think the purpose of this Act 119, and of the decree of confirmation rendered pursuant to its provisions, was to cure any and all defects in the sale not related to the power to sell, and that it was beyond the prerogative of the Legislature to supply this lack of power, and that the taxing officers were unauthorized to sell land for taxes which were not chargeable against the land. We think this is the effect of the opinion of this court in the case of *Radcliffe* v. *Scruggs,* 46 Ark. 96."

Cooley on *Constitutional Limitations,* 8th Ed., vol. 2, pp. 762-4, says:

"All limitation laws, however, must proceed on the theory that the party, by lapse of time and omissions on his part, has forfeited his right to assert his title in the law. Where they relate to property, it seems not to be essential that the adverse claimant should be in actual possession; but one who is himself in the legal enjoyment of his property cannot have his rights therein forfeited to another, for failure to bring suit against that other within a time specified to test the validity of a claim which the latter asserts, but takes no steps to enforce. It has consequently been held that a statute, which, after a lapse of five years, makes a recorded deed purporting to be executed under a statutory power conclusive evidence of a good title, could not be valid as a limitation law against the original owner in possession of the land. Limitation laws cannot compel a resort to legal proceedings by one who is already in the complete enjoyment of all he claims."

The early Michigan case of *Grosebeck* v. *Seeley,* 13 Mich. 329, is one of the foundation cases in American jurisprudence on this question. *Buty* v. *Goldfinch,* 74 Wash. 523, 133 Pac. 1057, 46 L. R. A., N. S., 1065, Ann. Cas. 1915A, 604, is the opinion most frequently cited by the various courts, because in that case the Washington court reviewed *Grosebeck* v. *Seeley, supra,* and other leading cases which give the reason for the rule. In 46 L. R. A., N. S., 1065 there is an annotation on the subject, "Statutory Limitation of Time for Relief Against Tax

Deed as Affecting Right to Set Up Invalidity of Tax Title as a Defense''; and from that annotation it is apparent that the great weight of authority supports the statement that: a statute seeking to take away from the owner, in actual possession of his property, the right to set up as a defense the illegality of the tax (*i. e.*, a void sale) is an unconstitutional statute, in that it deprives the owner of his property without due process of law. Some of the cases put the holding on the basis that a statute of limitations applies to actions and not to defenses. See *Commonwealth* v. *Middleton*, 205 Ky. 570, 266 S. W. 37; *Wonnacott* v. *Kootenai County*, 32 Idaho 342, 182 Pac. 353; *Aultman & Taylor Co.* v. *Meade*, 121 Ky. 241, 89 S. W. 137, 123 A. S. R. 193; *Electrolytic Copper Co.* v. *Rambler Co.*, 34 Wyo. 304, 243 Pac. 126; *Spaulding* v. *Collins*, 190 Wash. 506, 68 Pac. 2d 1025. Some of the cases state that the statute of limitations is a shield of defense and not a spear of attack. The rule is that limitations bars the bringing of a suit against one in possession; it should not be twisted so as to furnish a title to one out of possession in order to allow the latter to maintain a suit brought for possession. In *Electrolytic Co.* v. *Rambler, supra*, the Wyoming Supreme Court said:

''One in actual possession of property has no reason for trying to recover it. ' . . . The duty to bring an action to recover the property is on the person not in possession. When therefore the sale is of lands occupied by the holder of the patent title the statute does not start to run in favor of the tax purchaser until he takes possession. . . . A different construction might render the statute objectionable on constitutional grounds.'' See, also: *Taylor* v. *Miles*, 5 Kan. 498, 7 Am. Rep. 558; *Clark* v. *Duncanson*, 79 Okla. 180, 192 Pac. 806, 16 A. L. R. 315; *Baker* v. *Kelley*, 11 Minn. 480; *Dingey* v. *Paxton*, 60 Miss. 1038; *Elliott* v. *Clement*, (Oregon) 149 Pac. 2d 985, 151 Pac. 2d 739.

Citation of all of the cases on this point would unduly prolong this opinion. We do not cite these cases and authorities for the purpose of binding this court to all that is stated in any of these cases, or for the purpose of

indicating that this court will ever go to the extent of some of these cases; but we cite these cases to show that this point of law here under consideration is no new or fancied holding. It is one recognized by many courts, and fully supports the limited extent to which we now go, which is: a decree of confirmation under Act 423 of 1941 cannot cure a sale void because of want of power to sell, and cannot set in operation by its own force and by mere lapse of time any statute of limitations in favor of a person claiming under such confirmation decree as against an owner in possession of the property sold under a void sale.

In *Schuman* v. *Walthour, supra,* there was no occasion to discuss this question of whether limitations could run against a person in possession when the sale was void, because in that case the original owner neither remained in possession nor transferred possession to the persons there attacking the sale. The opinion recites that the tax purchaser was in possession, saying: "Appellant took immediate possession of the lot and made improvements thereon of the value of $62.00." We did say that the primary purpose of Act 423 of 1941 was to limit the time within which confirmation decrees could be attacked; but that language, when read in the light of the facts in that case regarding absence of possession, clearly shows that it did not contemplate the situation shown by the facts in this case. A decree of confirmation under Act 423 of 1941 cannot cure a sale void because of want of power. to sell, and cannot set in operation by its own force or by mere lapse of time any statute of limitations in favor of a person claiming under such confirmation decree as against an owner in possession of the property, sold under a void sale.

It follows, therefore, that the judgment of the Circuit Court is correct, and is in all things affirmed.

SMITH, J., dissenting. Various acts have been passed to enable the State to perfect its title to lands forfeited to it for nonpayment of taxes. The primary purpose of all this legislation has been to compel the payment of the

taxes due the State. The reluctance of the courts to see one lose his lands for the small per cent. of its value represented by the taxes due on it has resulted in many very technical constructions of these statutes, all of which assumed the invalidity of the tax sales, otherwise confirmations would not be required, as a valid tax sale requires no confirmation.

Finally, at its 1941 session, the General Assembly passed an Act, No. 423, p. 1227, which did not change the practice and procedure through which confirmation decrees might be obtained, but was passed to settle the effect which should be given such decrees. The Act allowed owners of lands embraced in such decrees a year after the rendition thereof to move for their vacation upon any ground which would have constituted a meritorious defense to the complaint upon which the decree was rendered. In other words, the landowners were given a year after the rendition of the decree to interpose any defense which might have been available before the rendition of the decree. It was enacted that within this year any such attack shall be taken to be a direct attack, but that any attack after the one-year period should be taken to be a collateral attack, and should be wholly ineffectual.

The present suit is, therefore, a collateral attack upon the confirmation decree, as it was not instituted for more than one year after its rendition, and we may only inquire into the jurisdiction of the court to render it. Certainly the fact that the land was occupied and not wild and unimproved would not affect the jurisdiction of the court. Taxes must be paid on occupied lands as well as on those which are wild and unimproved, and tax sales may be confirmed in either case. Certainly no one would contend that a tax sale could not be confirmed because the land was in the actual possession of the owner. The validity of the confirmation decree does not depend upon this fact, as it is as valid in one case as in the other, and in either event an attack upon the decree which is not brought within one year after its rendition is a collateral attack thereon. The Act so provides. Now one exception, and only one, is made as to the effect to be given

these decrees, and that is that this one-year limitation shall not apply to the owner who had actually paid his taxes. He may attack the decree at any time, but no other landowner is given that right.

The majority opinion, however, has enlarged the class who are not barred by this one-year limitation. The Act is held not to apply to owners in possession, when the decree was rendered. This is upon the theory that the Act is one of limitations and that such limitation is not applicable to persons in possession.

But to reach that conclusion something must be read into the Act which the General Assembly failed to incorporate in it. The case of *Schuman* v. *Walthour*, 204 Ark. 634, 163 S. W. 2d 517, did not decide that Act 423 was a statute of limitations, although it was inadvertently referred to as such. That question was not presented. The point presented and decided was, whether the Act was prospective only, and we held that it was. The Act is not, properly speaking, a statute of limitations, although it possesses the characteristics of such a statute. It is a statute more properly to be said, which confers the right to make an attack upon the confirmation decree and permits that right to be exercised within a year after its rendition. If exercised within one year, the attack is direct, if not exercised within that time, the attack is collateral. A condition is imposed as to the time within which the direct attack may be made, and is as applicable to occupied lands as it is to those which are wild and unimproved. The legislation did not contemplate such a distinction and it is certain that it expressed no such purpose.

Legislation which confers the right or privilege, but which limits the time within which it may be exercised, is not a statute of limitations, although it has the effect which a statute of limitations would have.

At § 7 of the chapter on Limitation of Actions, 34 Am. Jur., p. 16, it is said: "A statute of limitations should be differentiated from conditions which are annexed to a right of action created by statute. A statute

which in itself creates a new liability, gives an action to enforce it unknown to common law, and fixes the time within which that action may be commenced is not a statute of limitation. It is a statute of creation, and the commencement of the action within the time it fixes is an indispensable condition of the liability and of the action which it permits. The time element is an inherent element of the right so created, and the limitation of the remedy is a limitation of the right. Such a provision will control, no matter in what form the action is brought. The statute is an offer of an action on condition that it be commenced within the specified time. If the offer is not accepted in the only way in which it can be accepted, by a commencement of the action within the specified time, the action and the right of action no longer exist, and the defendant is exempt from liability.''

The purpose and effect of this Act 423 of 1941 is to make suits brought within one year a direct attack, and suits brought after the year a collateral attack, and such an act is not a statute of limitations. By its expressed provisions, all suits not brought within one year are collateral attacks, save only those who have paid the taxes for which the land sold. But for this proviso it would apply even to the landowner who had paid his taxes, as the confirmation decree imports the finding that the taxes had not been paid.

In *Worthen* v. *Ratcliffe,* 42 Ark. 330, it was said: ''But, in truth, every question with respect to the assessment of the land in controversy, or the nonpayment of taxes, or the regularity of the proceedings of the sheriff and collector, is concluded by that decree (of confirmation); provided the court which rendered it had jurisdiction of the petition (for the confirmation), and provided the decree was not obtained by a fraudulent misrepresentation or concealment of facts. *Thomas* v. *Lawson,* 21 How. 331, 16 L. Ed. 82; *Buckingham* v. *Hallett,* 24 Ark. 519.'' See, also, *Williamson* v. *Mimms,* 49 Ark. 336, 5 S. W. 320; *McCarter* v. *Neil,* 50 Ark. 188, 6 S. W. 731; *Boehm* v. *Botsford,* 52 Ark. 400, 12 S. W. 786; *Burcham* v. *Terry,* 55 Ark. 398, 18 S. W. 458, 29 Am. St. Rep. 42;

*Lonergan* v. *Baber,* 59 Ark. 15, 26 S. W. 13; *Martin* v. *Hawkins,* 62 Ark. 421, 35 S. W. 1104; *Pattison* v. *Smith,* 94 Ark. 588, 127 S. W. 983; *Porter* v. *Dooley,* 66 Ark. 1, 49 S. W. 1083.

There was here no offer to redeem or attack made, within the year allowed for that purpose by Act 423 and the decree became impervious to the collateral attack here made on it.