HYMES *v.* BICKFORD.

4-7623                                          187 S. W. 2d 542

Opinion delivered May 7, 1945.

*Roy Gean,* for appellant.

*Hugh M. Bland, A. L. Rotenberry* and *Wm. J. Kirby,* for appellee..

HOLT, J. This litigation involves two lots in the city of Fort Smith. Appellee, C. Bickford, filed this suit March 3, 1944, in which he alleged that he was the owner and entitled to possession of the lots in question; that the property was forfeited to the state of Arkansas for non-payment of the 1937 taxes and by proper proceedings, the title thereto was duly confirmed in the state on May 21, 1942. He further alleged that the lots were conveyed to him by deed from the state on February 16, 1944.

Appellant filed demurrer and answer interposing a general denial, and in addition, set up a number of defenses, among them being that there was assessed, charged and collected against the property a tax of 18 mills for the Fort Smith Special School District and an additional tax of 21 mills for School District No. 79; that these levies were included in the amount for which the lots in question were sold, which voided the sale.

Upon a trial, the court found the issues in favor of appellee, Bickford, and more specifically that appellant was barred from relief by the provisions of Act 423 of the Acts of 1941, and decreed possession to appellee. This appeal followed.

The record reflects, as the complaint alleged, that the state's title to these two lots was confirmed on May 21, 1942, that appellee secured a deed from the state on February 16, 1944, and that no objection to the confirmation was made at the time of the decree nor within one year thereafter.

From the decree, which was rendered prior to the recent decision of this court in *Plant* v. *Johnson, ante,* p. 217, 185 S. W. 2d 711, it appears that the trial court was of the opinion that all defenses, or rights, of appellant herein were cut off by the provisions of Act 423, *supra,* except his right to attack "such decree at any time on the grounds that taxes have actually been paid."

We quote from the decree. "The court further finds that the defendant (appellant here) failed to object to said confirmation decree either in that suit or in any other separate suit within one year from the date of said decree, and that the defendants are barred by the terms and provisions of Act No. 423 of the General Assembly of Arkansas of 1941," etc.

Appellee says in his brief on this point that "it might be well to point out that this case was tried by counsel for appellee solely on the theory that Act 423 was a statute of limitation as said by the court in *Schuman* v. *Walthour,* 204 Ark. 634, 163 S. W. 2d 517, and that after the lapse of one year from the date of the confirmation decree, no attack could be made thereon save only that the taxes had been paid. For this reason the record on some of the points raised here is not as complete as it should be, and we trust the court will bear this in mind when considering the case. The chancellor held that Act 423 of 1941 was a statute of limitation shutting out all defenses raised herein, and that appellant was barred there from collaterally attacking the sale sought to be set aside."

As noted above, appellant contended that the sale here was void because the property in question was sold for school taxes above the constitutional limit of 18 mills; that there was lacking the power to sell, and such defect avoided the sale. If the evidence showed that the lots were in fact sold, as appellant contends, for taxes above the constitutional limit of 18 mills, then under our decision in *Plant* v. *Johnson, supra,* it would be our duty to uphold appellant's contention. In the *Plant* v. *Johnson* case, we said: "The essential thought that we desire to establish . . . is that it is only a voidable defect that this act cures; and that the absence of 'power to sell' is a defect that makes the sale void, not merely voidable. This court, in the cases hereinbefore cited, has repeatedly stated that an excessive levy, or an excessive charge, or the inclusion of an illegal tax, makes a void sale and defeats the power to sell," and we held (headnote 10), "since the sale of appellees' lands for taxes

was, because of the lack of power to sell, void, the confirmation decree under Act No. 423 of 1941 did not cure the defect; neither could it set in operation by its own force and by mere lapse of time any statute of limitations in favor of appellant that would enable him to recover possession from appellees.''

There is evidence in this record from which it might be inferred that the lots in controversy here were sold for school taxes exceeding the constitutional limit of 18 mills, as appellant contends; however, the evidence does not appear to have been fully developed on this point. As to this evidence, appellee says: ''It is true his (appellant's) evidence tends to show that there was a levy of 18 mills made by the quorum court for the Fort Smith schools and also a school levy made for School District No. 79 of '.0206' for the year 1937. . . . These lots were in the city of Fort Smith and, of course, the inference necessarily arises that they were charged with the 18-mill levy for the schools there; but not so as to School District No. 79. As a matter of fact most of District No. 79 is in the Greenwood District of Sebastian county.''

In this undeveloped condition of the case we are unable, on trial *de novo*, to determine whether the property in fact sold for an excessive tax. See *Jones* v. *Hammons,* 182 Ark. 87, 29 S. W. 2d 1084, and the recent case of *Mabrey* v. *Millman, ante,* p. 289, 186 S. W. 2d 28.

As to the other alleged errors argued, it suffices to say that we have examined them and find them to be without merit.

Accordingly, the decree is reversed, and the cause remanded with directions to permit the parties to develope the testimony more fully as to whether the property sold for an excessive tax, and for further proceedings not inconsistent with this opinion.