COPE, COUNTY JUDGE, ET AL. V. COLLINS, ADM'R.

1. TAXES: *Extent of County Court's power to levy.*
When the County Court levies a tax of five mills to pay indebtedness existing at the time of the adoption of the Constitution of 1874, it exhausts its power, under the Constitution, to levy for that purpose, and cannot make an additional levy for a particular debt.

2. COUNTY COURT: *Its allowance of a claim unimpeachable, collaterally.*
An order of allowance by the County Court is in the nature of a judgment, and cannot be impeached, collaterally, by proof that the debt had been paid before the order was made.

3. MANDAMUS *Plea of payment by withholding funds.*
To a petition for mandamus, to compel the County Court to levy a tax for the payment of the petitioner's debt, allowed against the county, the County Judge and justices answered that at the time the allowance was made, and the warrant on it was issued, the petitioner was County Treasurer, and had in his hands a large sum belonging to the fund out of which said warrant was payable, and that he retained out of said sum the amount of said warrant, and afterwards held said warrant as treasurer as a voucher for the payment to himself, individually, and had never accounted for the funds in his hands. *Held:* A good defense to the petition

4. MANDAMUS: *Plea of set-off.*
To a petition for mandamus, to compel the County Court to levy a tax to pay a particular debt, an answer in the nature of a set-off, which opens too wide a field for inquiry by the Circuit Court in such case, in matters within the peculiar original jurisdiction of the County Court, is bad.

5. COUNTY WARRANT: *Barred by failure to present for reissue; Pleading.*
When a county warrant is not presented for reissue at the time required by an order of the County Court, properly made and published, it is barred; and in a suit on the warrant it is not necessary to aver in the answer setting up the bar that it was provided in the order of the court that claims not presented should be barred. The Statute makes that provision, and it is unnecessary in the order.

APPEAL from *Franklin* Circuit Court.
Hon. W. D. JACOWAY, Circuit Judge.

Cope, County Judge, et al. v. Collins Adm'r.

*U. M. Rose*, for appellant:

1. The County Court having levied a tax of five mills, could levy no further tax. *Sec.* 9, *Art.* XVI., *Constitution;* *Graham* v. *Parham*, 32 *Ark.*, 676.

2. The petitioner having been previously paid, procuring the issue of the warrant, was a fraud, and as a county cannot appeal from a judgment of its own County Court— *Chicot Co.* v. *Tilghman*, 26 *Ark.*,461—it can defend against such a judgment, on the ground of fraud. The County Court, in issuing warrants, is not an independant tribunal, with power to determine judicially vested rights, but merely the financial agent of the county, and its acts may be questioned, and avoided for fraud, etc. *Shirk* v. *Pulaski Co.*, 4 *Dill.*, 209 ; *Campbell* v. *Polk*, 3 *Iowa*, 467 ; *Washington Co.* v. *Parlin*, 10 *Ill.*, (5 *Gilm.*) 232.

3. If, as treasurer, Collins retained sufficient to pay the debt, it was satisfied.

4. Collins was indebted to the county as treasurer ; this was a case of mutual account, and if, on final settlement, a balance be found against him, he had no debt to sue on.

5. The warrant was barred. *Secs.* 614, 615, 616 *Gantt's Digest;* 25 *Ark.*, 261.

*W. W. Mansfield*, for appellee:

1. The facts were sufficent to entitle appellee to the writ—*Dillon on Mu. Bonds*, sec. 28, note 67 ; *Shirk* v. *Pulaski Co.*, 4 *Dill.*, 213, and note; *High on Ext. Rem.*, secs., 365, 370 and 377—in connection with third proposition of note cited in 4 *Dill.*; also sec. 382 ; *Nash. Pl. and Pr.*, vol, 2, p. 1271.

2. The answer not responsive to the writ, and contains no valid defense. The county was concluded by the judg-

ment of allowance.  *High on Ex. Rem.*, sec. 380 ; *Freeman on Judg.*, sec. 159, 178.  The allowance was a *judgment*, and cannot be collaterally attacked.  33 *Ark.*, 788 ; 22 *Ark.*, 595.

3.  The county is estopped from pleading the third defense, by its finding of record.  If the *county* could assail its own settlements of record collaterally, appellant cannot.. *High Ex. Rem.*, sec. 380.

4.  *Set-off* cannot be pleaded to mandamus ; even if it could, the proper parties were not before the court, and the matters set up not available.  *Ib.*, sec. 382, *and note*.  The Circuit Court had no jurisdiction to settle treasurer's accounts.

5.  It was not stated that any order barring scrip or warrants was ever made, etc., etc.

ENGLISH, C. J.  On the ninth of May, 1879, Warren Collins, administrator of Wilson W. Collins, presented to the Circuit Court of Franklin county a petition for mandamus, alleging, in substance :

That at an adjourned session of the October term, 1872, of the County Court of said county, Wilson W. Collins was allowed a claim against the county for $3,164.19, with interest at ten per cent. from date of allowance, for balance due to him for furnishing materials and erecting a court-house.  That to pay for the court-house, there had theretofore been, from time to time, levied and collected taxes, to create what was known as "the court-house or public building fund."  That in accordance with the order of allowance, the clerk issued a warrant upon the County Treasurer, payable out of said fund, for the sum allowed.

That soon after the date of the warrant, all of said fund then levied or collected was appropriated by the County Court to various purposes, and no part of it paid on the

warrant, and that no further levy of taxes had ever been made to supply the deficiency in the building fund caused by the appropriation thereof to purposes other than that for which it was originally created ; and the County Court had refused to make any appropriation or levy any tax to pay said warrant.

That at the October term, 1878, of the County Court, before any levy or appropriation had been made for any other purpose, petitioner applied to the court to levy and appropriate a sum sufficient to pay said warrant, which was refused.

Prayer for mandamus to compel Alford E. Cope, presiding judge, and the justices of the peace, composing the County Court, for the levy and appropriation of taxes, to. levy and appropriate at the next annual term, a sum sufficient to pay said warrant.

An alternative writ was awarded on the petition, to which a response was made at the November term, 1879, which was held insufficient, and a peremptory mandamus ordered to compel a levy and appropriation sufficient to pay the warrant and interest, to be made by the presiding judge and justices of the County Court at the October term, 1880.

Defendants appealed from the judgment awarding the mandamus.

I.   The response contained four paragraphs, the first in substance as follows :

1. TAXES: Extent of County Court's power to levy.  That the relator filed a motion in the County Court at October term, 1878, asking the court to levy and appropriate a sufficient amount upon the taxable property of the county to pay his said claim, which motion was by said court overruled for good and sufficient cause then and there appearing. And the court did at said term, levy a tax of five mills on the dollar on the taxable property of the county for the payment of county indebtedness contracted and accruing

prior to the adoption of the Constitution of 1874. That the decision of the court overruling said motion, and the order making said levy of five mills to pay the indebtedness aforesaid, remain in full force, &c.

That at the October term, 1879, said County Court levied five mills on the taxable property of the county, and appropriated the same to the payment of the debts of the county existing prior to the adoption of the present Constitution, and also the further sum of five mills, and appropriated the same for all purposes of said county other than the payment of the debts aforesaid.

It appears from this paragraph that the County Court did refuse, at the October term, 1878, to make a special levy and appropriation to pay the warrant held by the relator, but did levy five mills to pay debts generally existing at the time of the adoption of the present Constitution.

The relator sought by the petition to compel, by mandamus, such special levy and appropriation to be made at the October term, 1879, but that term had transpired when the response was made. The first paragraph of the response shows, however, that at that term the court had levied and appropriated five mills to pay debts existing at the adoption of the Constitution, but it is not shown that any special levy and appropriation were made to pay the warrant held by the relator; and the court awarded the peremtory mandamus to compel such levy and appropriation to be made at the October term, 1880.

When the County Court levied a tax of five mills to pay indebtedness existing at the time of the ratification of the Constitution, it exhausted its levying power for that purpose under the Constitution. *Constitution of* 1874, *Art.* 16, *Sec.* 9; *Graham* v. *Parham* 32 *Ark.* 685; *Brodie et al.* v. *McCabe, Collector,* 33 *Ib.,* 696.

The warrant held by the relator was issued to his intestate

before the adoption of the present Constitution, and why the relator insisted on a special levy and appropriation to pay it, does not appear from the relation.

It is not alleged that Wilson W. Collins furnished materials and built the court-house under a contract made under some statute which authorized a special levy of taxes for its payment, and which statute entered into and became part of the contract, and placed its obligation under the protection of the Constitution of the United States, and that the warrant in question was issued upon such contract. The court below must have regarded the warrant as on the footing of the general indebtedness of the county, existing at the adoption of the Constitution, because in the order for the peremptory mandamus directing a special levy and appropriation to pay the warrant, it was provided that the tax levied for that purpose might be paid in county warrants or scrip issued before the adoption of the Constitution, or in State scrip or Auditor's warrants issued before that time, or in United States currency. See *English* v. *Oliver*, *Collector*, 28 *Ark.*, 317; *City of Helena* v. *Turner et al.*, 36 *Ark.*, 577.

2. COUNTY COURT: Its allowances unimpeachable collaterally.

II. The second paragraph of the response stated, in substance, that it appeared from the certified copy of the County Court record, made *Exhibit A* to the petition, that said warrant was issued in alleged payment of the balance due Wilson W. Collins on his contract for building the court-house for said county, but respondents alleged the truth to be, that there was in fact no amount or balance whatever, then remaining due and unpaid to him on said contract. That on the 16th of August, 1869, said Wilson W. Collins entered into a written contract with W. J. Montague, then commissioner of public buildings for said county, whereby he agreed and bound himself to erect and build a court-house for said county for the consideration of

$9,700.00, and respondents aver that said sum, long prior to the order of allowance under which said order was issued, had been fully paid off and discharged.

This paragraph was a collateral attack upon the order of allowance, which was in the nature of a judgment, and falls within the ruling of this court in *State, use, etc.*, v. *Hinkle*, *ante* 532.

III. The third paragraph alleged, in substance, that before the making of said contract, said Wilson W. Collins was treasurer of said county, and at the time the allowance was made and the warrant issued, there was in his hands, as such treasurer, the sum of $14,000, belonging to the public building fund of said county, which had never been accounted for by him, and yet remained unaccounted for. That in his capacity as treasurer, he retained out of said sum the amount of said warrant and accrued interest, and afterwards held the warrant, in his capacity as treasurer, as a voucher for the payment to himself in his individual capacity. *3. MANDAMUS: Plea of payment by withholding county funds.*

This, if true, was a good defense. The object of the relator in applying for the mandamus was to compel a levy of taxes, and an appropriation to pay the warrant, and if his intestate had in fact obtained payment, in the mode stated in the paragraph, the mandamus should not have been awarded.

It is submitted by counsel for the relator that the respondents were estopped from setting up this defense by the record entry of the order of allowance, etc., a transcript of which was made (*Exhibit* "*A*") to the petition for mandamus.

It appears from the *Exhibit A* that at an adjourned term of the County Court, held on the second Monday of November, 1872, the following order, in substance, was made:

"*In the matter of the public buildings of Franklin county and treasurer's commissions:*

"Now, on this day, comes Wilson W. Collins, contractor for the erection of a court-house in, and treasurer of, said county, together with Theodore Potts, commissioner of public buildings, etc., and state to the court that Collins has completed said building as specified in the original con-tract, etc., and asked the court to allow said Collins $3,870, as balance due him for building and completing said court-house, and for commissions as treasurer, etc., on moneys belonging to the public building fund, etc., together with the sum of $499.49, as interest on the amount here claimed as due for building said court-house, and to discharge said Collins from said original contract. Whereupon, upon an examination by the court, had of the subject matter in this cause, it is found that said Collins has in every way fully and completely erected and finished said court-house, accord-ing to the specifications and articles of said contract; that the sum of $3,870.19 is actually due said Wilson W. Col-lins for building said house, and for commissions as afore-said. Therefore, it is by the court here considered, adjudged and ordered that said Wilson W. Collins be allowed the sum of $3,870.19, out of any public building fund in the county treasury not otherwise appropriated; and further, in consideration of there being now, at this date, the sum of $1,006 in the county treasury of said fund, it is ordered that the same be paid said Collins, and deducted from said allowance, and the clerk of this court to draw a warrant upon the county treasurer in favor of said Collins for the remainder of said allowance, out of said public building fund, and that said amount bear interest from this, November 16, 1872, until fully paid, at the rate of ten per cent. per annum, and that said Collins be and he is hereby

discharged fully and completely from said contracts, as asked for."

There is a transcript of a further order of the court embraced in *Exhibit A*, without date, as follows:

"W. W. Collins  
      v.     } *Claim, $3,164.19.*  
"Franklin County.

"Ordered that an order heretofore made, to-wit, on the fifteenth of November, allowing W. W. Collins the sum of $2,864.19, be amended so as to allow him the sum of $300 additional, as interest upon said amount from April, 1871, to the present, and that the clerk issue a warrant upon the public building fund of said county for the entire sum of $3,164.19, drawing interest at the rate of ten per cent. from date."

This warrant, which was made *Exhibit B* to the petition; and dated sixteenth November, 1872, was for the sum named in the last order.

No doubt the court, in considering the sufficiency of the answer, looked at *Exhibit A* to the petition, which was matter of evidence only, and by treating the third paragraph as insufficient, as if upon demurrer, precluded respondents, if it was in their power to do so, from offering evidence to prove that the warrant had in fact been paid in the manner stated in that paragraph.

The death of Wilson W. Collins, and the grant of letters of administration upon his estate to the relator, were not alleged in the petition, as they should have been, to show his title. Whether Wilson W. Collins ever made any final settlement as County Treasurer, or whether the relator had made any for him, as his administrator, and if so, whether his accounts were balanced, does not appear.

The second entries, embraced in *Exhibit A* to the petition,

42—37

were evidence of an adjudication by the County Court that Wilson W. Collins had completed the courthouse, according to his contracts; that a certain sum of money was due to him, as unpaid balance, on the contracts; that he then had in his hands, as County Treasurer, $1,006 of the public building fund; and this amount was appropriated upon his claim, as contractor, and a warrant ordered to be issued to him for the balance—payable out of that fund. This may be treated as a final adjudication and settlement with him, as contractor; but there is nothing on the face of the record entries to show that it was intended to be, or, in fact, was, a final and conclusive settlement and adjudication of his accounts as County Treasurer, generally, or as official custodian of the public building funds.

The orders and entries were made at an adjourned term of the County Court, in November, 1872, which was not the time prescribed by law for him to make his annual settlement as Treasurer; nor do the entries show that he had been ordered by the court to make a settlement at that time ( Gantt's Dig., Sec. 1034), or that he had filed any account—general or special—for the court to adjudicate upon, and render a judgment that might be treated as an estoppel.

If, therefore, he had in his hands, at the time the warrant was issued, or afterwards, while he continued to be Treasurer, sufficient funds, belonging to the public building fund, to pay the warrant, and did so appropriate the funds, and afterwards held the warrant as a voucher against the funds so used, there was nothing in the record entries, embraced in Exhibit A, to estop respondents from proving such payment of the warrant, under the allegations of the third paragraph of their answer; and the paragraph should have stood for hearing, on evidence, instead of being held insuf-

ficent, as if on demurrer. *Burke* v. *Coolidge et al., Ex'rs,*
35 *Ark.*, 180.

IV. In the fourth paragraph of the response it was <span>4. MANDA-<br>MUS:</span>
alleged, in substance, that, at the time of the issuance of <span>Plea of<br>set-off.</span>
the warrant, there was in the possession and custody of
Wilson W. Collins, as such Treasurer, the sum of $11,000,
belonging to the school fund of said county, in addition to the
aforesaid $14,000, belonging to the public building; and
that said sums of money, and said warrant, and other
claims, and other allowances, held by said Collins, were
matters of mutual account between said county and said
Collins, as Treasurer; and said account remained unsettled
and unadjusted, and that said warrant ought not to be paid,
unless, upon a final adjudication and settlement of the
accounts of said Collins, as Treasurer, the same should
appear to be due.

This paragraph was in the nature of a plea of set-off,
and proposed to open too wide a field for inquiry, by the
Circuit Court, on application for mandamus, into matters
within the peculiar original jurisdiction of the County Court.

V. The fifth paragraph alleged, in substance, "that at <span>5. COUN-<br>TY WAR-</span>
the —— term, of 187—, of the County Court, it was <span>RANT:</span>
decreed and adjudged, by said court, to be expedient to call <span>Barred<br>by failure<br>to present</span>
in the then outstanding county warrants of said county, in <span>for re-is-<br>sue.</span>
order to cancel and re-issue the same; and the said County
Court then and there made an order for that purpose, fixing
the time for the presentation of such warrants three months
from the date of said order. That the clerk of said court
did furnish the sheriff of said county with a copy of said
order, within ten days after the adjournment of said court;
whereupon, the sheriff proceeded to notify, and did notify,
the holders of said county warrants to present the same to
said County Court at the time and place fixed by said order,
as aforesaid, for cancellation and re-issuance of the same, by

putting up, at the court house door, and at the election pre-
cincts in each township, in said county, thirty days before
the time appointed by the order aforesaid for the presenta-
tion of said warrants, a true copy of the order of said
County Court in the premises, and by publishing the same
in newspapers, printed and published in the State of Arkan-
sas, for two weeks in succession, the last insertion being
thirty days before the time fixed by the said court for the
presentation of said warrants; and that the said relator
neglected and refused to present his said warrant, as required
by the order of said court, and the notice aforesaid,
although he was the holder of said warrant; and respond-
ents aver and claim that, by his said neglect and refusal, he
is forever debarred from deriving any benefit from his said
alleged claim."

This paragarph was drawn under *sections* 614–16 *Gantt's*
*Digest*, and shows a compliance with the statute in making
the order calling in the county warrants, and in giving the
notice to holders in the modes prescribed by the Act.

If the paragraph had been treated as pleading a valid
defense, and set down for hearing upon evidence, and if the
respondents had proved the order and notice as alleged, the
defense would have been established.   No mandamus could
be awarded to compel a levy and appropriation to pay
a warrant barred by a call and failure to present it. The Statute
makes such failure an absolute bar, and as to warrants
issued after the passage of the act, it has been repeatedly
held to be as valid as any other statute of limitation.  *Par-
sel* v. *Barnes & Bro.* 25 *Ark.*, 261 ; *Fry, Collector,* v.
*Reynolds,* 33 *Ib.*, 450 ; *Allen* v. *Bankston, Collector, Ib.*,
740 ; *Desha County* v. *Newman Ib.*, 793.

Pleading.   It is true that it is not alleged in the fifth paragraph of the
response that it was declared in the calling order that

warrants not presented within the time fixed should be barred, but this was not requisite.

If the calling order was made, and the notice given as alleged the Statute declares the consequence of a failure to present the warrants—that is, that the delinquent holders "shall thereafter be forever debarred from deriving any benefits from their claims."

It is usual in pleading the bar to exhibit a transcript of the calling order, but it is matter of evidence, and may be produced on the hearing, if the pleader is not ruled, on motion, to file it before.

For the error of the court in holding the whole response insufficient, the judgment must be reversed and the cause remanded for further proceedings.