McMillen *v.* East Arkansas Investment Company.

4-5105

Opinion delivered June 6, 1938.

*Joseph Brooks,* for appellants.

*Norton & Butler,* for appellees.

HUMPHREYS, J. Scipio Jones, one of the appellants in this case, was appointed receiver of the Mosaic Templars of America, on July 19, 1930, in the second division of the circuit court of Pulaski county; and Verne McMillen, the other appellant, was appointed receiver of the Woodmen Union Life Insurance Company on November 4, 1933, in the third division of said court.

They brought suit against appellees in the chancery court of St. Francis county to cancel two tax deeds executed by the county clerk of St. Francis county to the East Arkansas Investment Company on June 18, 1931, and to cancel a warranty deed executed by the East Arkansas Investment Company to John Gatlin on the 4th day of August, 1931, describing the following lands in St. Francis county, to-wit: West half, southwest quarter, of section 23 and northwest quarter of section 21, all in township 5 north, range 3 east.

They alleged in their complaint that prior to and on the date of the forfeiture of said lands for nonpayment of the taxes for the year 1928, the Woodmen Union Life Insurance Company, a corporation, and the Mosaic Templars of America, a corporation, were the owners and are now the owners of said lands.

They, also, alleged in their complaint that the circuit court of Pulaski county on the 11th day of September, 1933, authorized and directed Scipio Jones, as receiver of said Mosaic Templars of America, to bring and prosecute a suit to cancel said deeds, and that on the 20th day of January, 1934, said court authorized and directed Verne McMillen as receiver of Woodmen Union Life Insurance Company to bring and prosecute a suit to cancel said deeds.

They alleged in their complaint that John Gatlin died leaving a wife and several children, naming them, and that J. M. Gilliam was duly appointed administrator of his estate. All of these parties were included as defendants in this suit and duly served with process. They

alleged that the tax sale of said lands was void, citing a number of reasons for its invalidity, among them being that the delinquent tax list for the year 1928 was not posted in or about the county clerk's office.

They also alleged that through their agent, W. J. Lanier, they tendered to C. W. Norton, attorney for all the appellees, the amounts paid out by them as taxes prior to the institution of their suit. Appellees filed an answer denying that appellants owned the lands or that the tax sale was void and pleaded, as an additional defense, that they had been in the open and notorious possession of said lands under color of title for two years next before the institution of the suit.

The trial court heard the case upon the pleadings and testimony adduced and found that appellants were barred from maintaining the suit by the two years' statute of limitations and dismissed their complaint, from which is this appeal.

Appellees insist that the decree of the trial court must be affirmed because appellants failed to prove that they owned the land. It is true that appellees specifically denied that appellants were the owners of the land at the time of the sale thereof to the state, or that they thereafter acquired title to same, and also true that appellants did not deraign their title in their complaint or refer to a deed or other muniments of title, but they did allege ownership of the land and introduced proof to sustain the allegation. Theo Bond testified that he looked after the lands for six years as agent for the Mosaic Templars of America and the Woodmen Union Life Insurance Company, and that said lands were owned by both companies at the time of the sale thereof to the state and are still the owners thereof. This is not an ejectment suit where the title of a plaintiff must be deraigned either back to the government or state or to the common source of title in order to recover and where the applicable rule of law is that a plaintiff must recover on the strength of his own title and not upon the weakness of his adversary's. This is a suit in equity to redeem the land from the purchaser and its grantee from an alleged void tax sale. This court said in the case of *Woodward* v. *Campbell,*

39 Ark. 580 (584) that: "Statutes providing for redemption from tax sales always receive a liberal construction. Almost any right, either at law or in equity, perfect or inchoate, in possession or in action, or whether in the nature of a charge or incumbrance on the land, amounts to such an ownership as will entitle the party holding it to redeem. Certainly a party claiming the land under an executory contract to purchase it is the owner within the meaning of the act." In this character of suit we think all that is necessary to be alleged in the complaint is ownership and proof of ownership is all that is required to sustain the allegation. It was not necessary to set out in the complaint appellant's muniments of title or to make profert of them in the evidence.

Although the trial court did not pass upon the issue joined of whether or not the tax sale of the lands was void, the case is before us *de novo,* and appellants' right to recover is dependent upon the invalidity of the tax sale. Section 13846 of Pope's Digest requires, among other things, that the clerk shall keep posted up in or about his office the delinquent list for one year. According to the undisputed evidence, this was not posted at all. This court said in the case of *Tedford* v. *Emison,* 182 Ark. 1054, 34 S. W. 2d 214, that: "Keeping a list of delinquent lands in a roll placed in a book rack is not a compliance with the statute (C. & M. Dig., § 10084) requiring such list posted in or about the county clerk's office."

Linn Turley, county clerk, testified that no such list was ever posted in or about his office and that the only list that he ever had in his office was a copy of the newspaper in which the delinquent tax list appeared. That such newspaper was in his desk, not posted, where people could see it upon request.

The sale of the lands for the taxes for the year 1928 was, therefore, void and no purchaser at the sale or any grantee of the purchaser could or did acquire a valid title to the land under and by virtue of the sale.

Appellees pleaded the two years' statute of limitations (§ 8925, Pope's Digest) in bar of appellants' right to institute this suit. This statute is a short statute of limitations in point of time and must be strictly con-

strued, and means that two years adverse possession by a tax purchaser must exist before the original owner is barred from instituting a suit to cancel the tax deed and recover the land. The actual possession during that period of time must be continuous and unbroken. The evidence reflects that during six or seven months of the two-year period appellees claimed to have occupied the lands prior to the institution of the suit no one actually resided upon the same. The land was rented from time to time by Mr. Gilliam, administrator of the estate of John Gatlin, and the tenants who occupied it would come and go during the two-year period. When not occupied by a tenant the fields were open, the fences were down, the posts were rotted off and bushes had grown up in the fields. During those periods the place had the appearance of being deserted and there was nothing to indicate that anyone was in actual possession thereof. In fact the condition of the house was so bad that it was not fit for residential purposes. A preponderance of the evidence reflects that the premises were not occupied in such manner during the two-year period prior to the institution of this suit that it amounted to continuous unbroken possession thereof by appellee.

Appellees also argue that the decree should be affirmed because upon the face of the appointmnt of Scipio Jones as receiver said Jones has no capacity to sue. They contend that the Pulaski chancery court had no jurisdiction to appoint him as receiver. The issue of his capacity to sue was not made an issue in the pleadings in the trial court and cannot be made an issue here for the first time on appeal.

On account of the errors indicated, the decree is reversed, and the cause is remanded with directions to the chancery court to cancel the two tax deeds and the warranty deed involved in this suit.