ADAMSON *v.* CITY OF LITTLE ROCK.

4-5824

134 S. W. 2d 558

Opinion delivered December 4, 1939.

*W. Tillar Adamson,* for appellant.

*E. B. Dillon* and *John L. Sullivan,* for appellee.

*A. F. House, Amicus Curiae.*

SMITH, J.    This suit was brought by appellant, as a citizen and taxpayer of the city of Little Rock, to enjoin the extension and collection of an ad valorem tax of five-eighths of a mill for the use and benefit of the Firemen's Pension and Relief Fund of Little Rock, and of one mill for the use and benefit of the Policemen's Pension and Relief Fund of Little Rock, which a majority of the electors voting at the General City Election held April 4, 1939, had approved by their vote.   The election was held pursuant to the provisions of Acts 25 and 196 of the Acts of 1939, and certain other acts which those mentioned amended, providing a pension and disability fund for the policemen of cities of certain population, and under Act 30 of the Acts of 1939 providing additional money for the Firemen's Pension and Relief Fund, and for other purposes.

The objection to the levy of this additional ad valorem tax of one and five-eighths mills is that it violates § 4 of art. XII of the Constitution, which reads as follows:   "No municipal corporation shall be authorized to pass· any law contrary to the general laws of the State; nor to levy any tax on real or personal property to a greater extent, in one year, than five mills on the dollar of the assessed value of the same.   Provided, that, to pay indebtedness existing at the time of ·the adoption of this Constitution, an additional tax of not more than.,five mills on the dollar may be levied."

It is with profound regret that we reach the conclusion that the objection is well taken.   The wisdom and the necessity of offering inducements to worthy men, brave and true, to enter and to continue in these hazardous callings, is obvious.   No city under modern conditions can operate without both a fire and a police department; but relief to these employees of the city must be. afforded in a manner authorized by the Con-

stitution. It may be said, in passing, that, while this additional ad valorem tax may not be levied, because of the inhibition of the Constitution against its levy, this holding does not in any manner affect the validity of such legislation as Act 491 of the Acts of 1921, creating the Firemen's Pension and Relief Fund, and the ad valorem tax not being affected by that legislation.

The city of Little Rock, through its council, has voted the full 5-mills tax authorized by the section of the Constitution above quoted, and it is not proposed to displace that levy by the substitution of the one and five-eighths mills tax voted by the electors of the city. The new one and five-eighths mills tax voted by the electors of the city is in addition to that voted by the city council.

The policy of providing these pensions and disability funds for policemen and firemen is becoming general, and should be upheld where it may be.

In that part of the chapter on Municipal Corporations dealing with pensions, § 33, 19 R. C. L., p. 726, it is said: "The establishment of a pension system for municipal officers and employees, whereby, after serving a certain number of years or upon disablement from injuries received in the course of their duties, they are retired from active service and paid a certain proportion of their salaries for the remainder of their lives, is not an unconstitutional disposition of public moneys for private use when applied to officers and employees who have entered or continued in the service after the system went into effect. The pension in such a case is not a gratuity, but a part of the stipulated compensation. A judiciously administered pension fund is doubtless a potent agency in securing and retaining the services of the most faithful and efficient class of men connected with those arms of the municipal service in which every property owner and resident of the city is most vitally interested. Reasons in support of this proposition need not be stated in detail. They are such as readily suggest themselves to every reflecting mind. On the other hand, a statute which authorizes a municipal corporation to

pay a pension to persons who have formerly been in its service, but have retired or withdrawn therefrom before the statute was enacted is unconstitutional. Such a payment is a mere gratuity. This principle has been extended so far as to deny the power of a municipality to pay a pension which is based even in part upon services rendered prior to the enactment of the statute establishing the system, but the weight of authority is otherwise. In some cases it has been attempted to establish a pension system payable from other sources than the general revenues of the municipality. If the pension is one which would be illégal if paid from funds raised by taxation, it cannot be paid from other funds belonging to the municipality.. It has frequently been attempted to establish a pension system by withholding a certain proportion of the salary of each employee or officer of the municipality. A municipality has no power, in the absence of express statutory authority, to establish a pension system in such a manner, or even by requiring all persons in its employ to agree that the money may be so withheld; and it has been held that a statute authorizing the establishment of a pension system in such a way is unconstitutional, but there is weighty authority to the contrary. In some jurisdictions statutes requiring insurance companies, as a condition of doing business within a municipality, to pay a tax for the purpose of establishing a firemen's pension fund have been upheld, but in other jurisdictions the opposite view has been taken."

Pensions and benefits paid firemen and policemen are not gratuities or bounties, but are in the nature of increased or additional compensation. As the maintenance of police and fire departments is a municipal function, the funds of the municipality may be used for that purpose. Municipal funds may, therefore, be used in paying pensions and disability benefits by way of additional conpensation. The city may devote so much of its funds as are available for this purpose. It is within the city's discretion as to what compensation may be paid its firemen and policemen; but it is not within the

discretion of the city to levy for this, or any other purpose, an ad valorem tax in excess of 5 mills. If the maintenance of fire and police departments is a municipal function, it cannot be said that compensating policemen and firemen with pensions and disability benefits is not also a municipal purpose. Nor is the nature of the tax changed by the fact that it is levied by the vote of the people, and not by the city council.

The inhibition of the Constitution is not directed solely against the city council, but is directed also against any agency acting for the city, whether that agency be its council or its electors. The municipality is denied the right to levy ad valorem taxes in excess of 5 mills for any purpose, except to pay indebtedness existing at the time of the adoption of the Constitution, and this inhibition may not be contravened by permitting one agency to levy 5 mills and another agency to make an additional levy. It may be conceded that it is within the power of the General Assembly to enact legislation authorizing the electors of the municipality to levy municipal taxes, so that two separate agencies may perform that function; but, even so, the inhibition of the Constitution remains. Those agencies, whether acting separately or conjointly, may not levy for any or for all municipal purposes ad valorem taxes in excess of 5 mills. If the electors of the municipality may vote ad valorem taxes in addition to the 5 mill ad valorem tax voted by the city council for the payment of pension and disability benefits to policemen and firemen, why may not the electors do so for any other purpose related to municipal government? If the constitutional limitation is removed, there would be no limitation. Any *ad valorem* tax might be voted for any municipal purpose. It is not contended that Amendment No. 13 to the Constitution has any application here.

It is argued that the General Assembly itself has authorized this tax, although its provisions are not effective "until made available by a vote favorable thereto of a majority of the qualified electors of such cities participating in any election on the question, and had at the time of any election in such city, whether state,

city, special or federal, or at a special election for the purposes of voting on such question." Section 22 of Act 25 of the Acts of 1939 authorizes 100 electors of the municipality to have the question of police pensions and disability benefits placed upon the ballot at any such election, while only 20 electors are required for that purpose under the provisions of § 5 of Act 30 of the Acts of 1939.

If this legislation is upheld, why may not any organized group have legislation enacted permitting the electors of a municipality to vote, at any general or special election, on the levy of an ad valorem tax for any municipal or quasi-municipal purpose? As, for instance, music in public parks, or swimming pools for children, or any of the numerous recreational opportunities or cultural facilities afforded in cities whose income permits. If it be answered that the electors of a municipality would not vote such a tax for a purpose less deserving than that of pensions and disability benefits for policemen and firemen, it may be answered that the question is not one of expediency, but of power. The line must be drawn somewhere, but where shall the line be drawn and who shall draw it? The Constitution answers this question by limiting the exercise of this power to the levy of a 5-mill *ad valorem* municipal tax for any and for all municipal purposes. The General Assembly itself has no power to remove this limitation, for the provisions of this limitation of the Constitution are as binding upon the General Assembly as they are upon the council of a municipality or upon the electors thereof.

It was said in the case of *Vance* v. *City of Little Rock*, 30 Ark. 435, that: "This provision of the Constitution (limiting the ad valorem taxes which the municipality may levy) is binding alike upon the legislature, the courts, and municipal corporations," and is equally binding upon any agency which attempts to perform the functions ordinarily discharged by the city council.

Our attention has been called to cases upholding legislation which permitted electors of a municipality to vote a tax for a special purpose; but no case has

been cited in which it was held that they might do so when the tax voted exceeded the limitation imposed by the constitution.

It is true, as is pointed out in the briefs of counsel for appellees, that the tax of one and five-eighths mills will not be mingled with and will not become a part of other city revenues, but will be held in trust and will be used exclusively for the specific purposes for which it was voted. So, also, any other special tax might like-, wise be so segregated. But, even so, it does not appear to be open to serious question that the tax is ad valorem and is levied for the municipal purpose of paying certain employees of the municipality additional compensation for meritorious services, and it is, therefore, unimportant what agency makes the levy, as the Constitution provides that no levy in excess of 5 mills on the dollar of the assessed value of the real and personal property within any municipality shall be made in any one year.

At § 4282 of the chapter on Municipal Corporations in 44 C. J., p. 1269, it is said: "As the power of taxation possessed and exercised by municipal corporations is merely a delegated power, it follows that limitations set on the taxing power of the state by either the federal or the state constitution will usually apply also to municipal taxation."

At § 4302 of the same chapter, p. 1280, it is said that "Levies in excess of the rate or amount provided by law are illegal and void, but only to the extent of the excess, if the taxes are separable." Among the many cases cited in support of the text just quoted are our own cases of *Gaither* v. *Gage*, 82 Ark. 51, 100 S. W. 80; *Cope* v. *Collins*, 37 Ark. 649; *Wortham* v. *Badgett*, 32 Ark. 496.

We conclude, therefore, that authority does not exist for the municipality to levy an ad valorem tax in excess of 5 mills, whether levied by its council or by the electors of the city, and as a 5-mill tax has already been levied by the council of the city, the decree of the court below must be reversed, and the cause will be re-

manded, with directions to the court below to enjoin the extension and collection of this additional one and five-eighths mills, as prayed.