SHERRILL *v.* FAULKNER.

4-6029

142 S. W. 2d 229

Opinion delivered July 8, 1940.

 █

*John Sherrill* and *Frank Wills,* for appellant.

*Richardson & Richardson,* for appellee.

McHANEY, J. Appellants are trustees for the former stockholders of the Loy E. Rast Seed Company, a corporation under the laws of this state whose charter was revoked by proclamation of the Governor on March 28, 1934. It was dissolved by resolution of the stockholders and directors in March, 1938, and its assets conveyed to appellants as trustees for liquidation. The corporation was the owner of 80 acres of land in Jackson county, described as the west half of the northwest quarter of section 5, township 12 north, range 2 west. This land was forfeited and sold to the state for the non-payment of taxes thereon for 1934. On February 23, 1938, the Attorney General caused suit to be filed against this and other lands in the Jackson chancery court to confirm the state's title. On May 22, 1938, a confirmation decree was rendered, but not entered until June 22, 1938, in which it was found that the NW NW of said land was forfeited for the non-payment of taxes amounting to $3.01 and that the SW NW was forfeited for the non-payment of taxes amounting to $2.20 for the year 1934; that the redemption period had expired; and that the state is the owner of said lands. On November 9, 1938, the state sold and conveyed said land to appellee, R. L. Faulkner.

In April, 1939, well within the one year allowed by § 9 of act 119 of the Acts of 1935, § 8719, Pope's Digest, appellants intervened in said confirmation suit, making appellees parties, in which they alleged their ownership as such trustees, their lack of knowledge of such suit and

a meritorious defense thereto as follows: "that the purported forfeiture and sale of said lands for non-payment of 1934 taxes was void in that the taxes for which said lands were sold included levies of 1/10 mill for the Crippled Children's Commission, 1/10 mill for the Crippled Children's Home and Hospital and 5/10 mill for the Farm Agent, Home Agent and County Health Unit, which levies were void and in violation of the State Constitution, the five mill limit for county general purposes having already been levied." They further alleged that the deed from the State to appellees constitutes a cloud on their title; that they have tendered to Faulkner the amount of money paid by him to the State Land Commissioner for his deed, and all taxes subsequently paid by him, with interest which was refused; that the total tax, penalty and cost lawfully due on said land was $5.19 instead of $5.21; and that they now tender to the clerk of the court said $5.19 with such additional taxes as would have accrued had the lands been on the tax books since 1934, with interest. Prayer was that such amount be determined, that their title be quieted on their paying into the registry of the court said amount, with penalty and interest and that appellees' deed by canceled.

Appellees filed a general demurrer to the intervention and an answer consisting of a general denial, specifically denying a tender, and admitting their deed from the state of November 9, 1938. Trial resulted in a decree dismissing the intervention for want of equity.

In so holding we think the trial court fell into error. Counties are limited in the amount of taxes to be levied for general county purposes to one-half of one per cent., or 5 mills. Const. art. XVI, § 9. It is undisputed that the levy in this case exceeded 5 mills by 7/10 mills, and it was, therefore, void. In *Fuller* v. *Wilkinson*, 198 Ark. 102, 128 S. W. 2d 251, it was held, to quote a syllabus: "Where the three mill road tax had not been voted by the electors at the preceding general election, there was no authority for extending the tax against the lands, and a sale of the land for taxes including such road tax is, for lack of power to sell, void and is not cured by a decree

of confirmation." See, also, *Adamson v. City of Little Rock,* 199 Ark. 435, 134 S. W. 2d 558.

The trial court was of the opinion that appellants could not ask that the confirmation decree be set aside because they were not the owners, and that the statute, said § 9 provides that only the owner may come in within a year from the date of the decree and have same set aside. We think the court was in error in this regard for they were, to all intents and purposes, the Loy E. Rast Seed Company. Suppose, instead of voluntary liquidation, a receiver had been appointed, or there was a trustee in bankruptcy. Could it be argued that the receiver or trustee was not the owner. We think not, nor do we think it sound to say there can be any valid distinction made as between appellants and a receiver or trustee.

As to the extent of ownership necessary to redeem from a void tax sale, see *McMillan* v. *East Ark. Investment Co.,* 196 Ark. 367, 117 S. W. 2d 724, where this court said: "Almost any right, either at law or in equity, perfect or inchoate, in possession or in action, or whether in the nature of a charge or incumbrance on the land, amounts to such an ownership as will entitle the party holding it to redeem. Certainly a party claiming the land under an executory contract to purchase it is the owner within the meaning of the act. In this character of suit, we think all that is necessary to be alleged in the complaint is ownership, and proof of ownership is all that is required to sustain the allegation. It was not necessary to set out in the complaint appellant's muniments of title or to make profert of them in the evidence."

While this is a suit to set aside a confirmation decree and to quiet title, it is the nature of a suit to redeem from a void tax sale, and the ownership was sufficiently alleged and proved, as also a sufficient tender.

The decree will be reversed and the cause remanded with directions to enter a decree in accordance with the prayer of the intervention of appellants and charging

appellees with all rents and profits received by them from this land. It is so ordered.