WILLIAM E. RUFFIN ET UX *v.* O. M. ATTAWAY,
D/B/A ATTAWAY REALTY CO.

5-5222                                453 S. W. 2d 26

Opinion delivered April 20, 1970

[Rehearing denied May 18, 1970.]

*G. E. Snuggs,* for appellants.

*J. S. Brooks,* for appellee.

LYLE BROWN, Justice. William E. Ruffin and wife, appellants, brought this suit for rental payments collected by O. M. Attaway, rental agent, covering a house and lot in El Dorado. The Ruffins title was based on a state tax deed. Attaway countered that he had for many years handled the rental property for the long-time record owners and remitted to them, including the period for which the Ruffins sought judgment. Intervention was filed by Barbara Joyce Charles, asserting a minor's right to redeem from a tax forfeiture. The cause was transferred from law to equity and there tried. From a decree in favor of appellee Attaway and intervenor Charles, appellants, the Ruffins, argue two points:

(1) that the Ruffins were entitled to the rentals from June 1964, the date of their deed from the State, to the present; and (2) the intervenor did not adequately deraign her record title.

The evidence to support the intervenor's interest in the property is undisputed. Intervenor testified that she owned an interest in the lot as one of the two heirs of her mother. The lot was by warranty deed conveyed to intervenor's mother, Mrs. Curtis Charles, and recorded in 1947. At the time of intervenor's birth the family was living on the property. Mrs. Charles expired intestate in 1951 and was survived by two children, the intervenor and one who has long since reached her majority. The paternal grandmother, who upon the death of Mrs. Charles took the older child to raise, was in charge of the property for the following eight years. In 1959 the grandmother moved to Detroit and listed the property with Mr. Attaway as a rental agent. Continuously since that listing appellee Attaway has kept the property repaired and rented and applied the net funds to retirement of a mortgage, as directed by the grandmother. The latter owned seven units of rental property which she also assigned to Mr. Attaway's custody. (She failed to caution Attaway that the involved lot was assessed in the name of Mrs. Curtis Charles, and Attaway overlooked payment of taxes thereon for 1959; hence the delinquency.) Intervenor tendered into court a sum sufficient to redeem and her qualification under our minority statute is not questioned.

The chancellor held that the testimony we have recited was sufficient to establish such an interest of title in intervenor as to permit her to redeem. Appellants contend that the redemptor is required to show a complete deraignment of title from the original patent to the date of sale to the State. Directly to the contrary are such cases as *Davis* v. *Stonecipher,* 218 Ark. 962, 239 S. W. 2d 756 (1951); *McMillen* v. *East Arkansas Investment Co.,* 196 Ark. 367, 117 S. W. 2d 724 (1938); and *Cecil* v. *Tisher and Friend,* 206 Ark. 962, 178 S. W. 2d 655 (1944). In *Cecil,* appellees produced recorded

deeds which conveyed the subject land to them; they testified they were the owners and in possession; and no evidence was offered to the contrary excepting the tax deeds on which appellant based his claim. The court held that evidence to be sufficient to meet the contention that appellees had to plead and prove their title from the patent through the *mesne* conveyances down to themselves. In *McMillen* it was pointed out that statutes allowing redemption from tax sales receive a liberal construction and it was further said:

> In this character of suit we think all that is necessary to be alleged in the complaint is ownership and proof of ownership is all that is required to sustain the allegation. It was not necessary to set out in the complaint appellant's muniments of title or to make profert of them in the evidence.

Secondly, appellants contend they are entitled to the rental income collected by Attaway from the date of their state deed in 1964 to the date the minor tendered them the full amount of taxes paid by appellants. Appellee denies the validity of the claim on the grounds that he had no notice of any claim to the property and appellants were never in possession. The undisputed evidence concerning notice and possession is very brief. Appellants recorded their tax deed but gave no notice of its existence to appellee or intervenor. Very shortly before appellants, the Ruffins, filed their suit, appellee received a letter from appellants' attorney advising of the existence of the tax deed. That was in 1968. It is unquestioned that appellants never had possession of the property, nor did they make any effort to gain possession.

Must a record owner who was neither dispossessed nor notified of the existence of a tax deed account to the holder of that deed for rents collected during the subsistence of the deed? That is the specific question with which we are confronted. We are cited to no statute or case from our jurisdiction which is in point. We have several cases which deal with the rights of a

tax title purchaser *in possession*. Examples are *Hisey* v. *Sloan*, 180 Ark. 797, 22 S. W. 2d 1005 (1930); and *Schuman* v. *Westbrook*, 207 Ark. 495, 181 S. W. 2d 470 (1944). They hold that the purchaser in possession is entitled to the rents. Cases from most other jurisdictions are not helpful because of their statutes on the subject.

The nearest case in point called to our attention is that of *Van Horn* v. *Huegel*, 139 A. 28 (N. J. 1947). There it was held that a purchaser at a tax sale who never gave notice of his purchase or took possession of the property was not entitled to a judgment for rents collected by the forfeiting owner. The New Jersey statute provided that when the purchaser recorded his certificate of sale he would be entitled to immediate possession and to the rents and profits from that date. Of the statute the court said:

> The statute is not self-executory. He may be content with the fact that he is entitled to possession at any time, but this alone does not give the purchaser a right to the rents until he asserts that right in some form; a right to the possession of the premises is given by the statute.

We think the reasoning is sound. The rule protects, among others, tenants and real estate agents against a second payment. It gives the owner notice that rents coming into his hands after the notice might rightfully belong to another person.

We hold that until a tax purchaser gives notice or takes possession he is in no tenable position to lay claim to rents or profits from the property described in his purchase.

Affirmed.

GEORGE ROSE SMITH, J., not participating.