Ms. Cathryn E. Hinshaw, Executive Director Arkansas Fire Police Pension Review Board P.O. Drawer 34164 Little Rock, Arkansas 72203
Dear Ms. Hinshaw:
This is in response to your request for an opinion on four questions prompted by the "Secretary-Bookkeeper" of the City of Holly Grove, concerning the local police pension fund. The correspondence attached to your request indicates that the fund was created in 1973 and currently only has two pensioners. It is also indicated that the pension fund is not sound under state law and annually runs short of funds and cannot meet monthly pension payments for certain periods of time. The first two questions presented involve the status of the two pensioners and their entitlement to benefits. The two remaining questions concern the funding of the pension plan. The four questions presented are as follows:
 1. The plan was in force a little over two years when Mr. Norman Hill died, therefore is Mrs. Hill entitled to pension payments?
 2. The plan was in force a little less than ten years when Mr. Delmar Rodgers retired, although he had 34 years of service. Is he entitled to back pay for the period from August 1983 until June 1990?
 3. In the event back pay to Mr. Rodgers is required, can monies from the local LOPFI fund be transferred under Act 459 of 1989 to cover this payment? If this transfer cannot be made, what should we do?
 4. During the period of time when the fund is exhausted and funds are not available for monthly pension payments, what should we do? In the past, we have prorated the available funds until exhausted, and then when the state insurance turnback is received and/or funds are available we pay the pensioners backpay for the months of shortage.
Your first question involves the construction of A.C.A. §24-11-425, which is entitled "Benefits — Death of active or retired member." It provides in subsection (a) that:
 (a) If any active police officer or any retired member dies from any cause, leaving a surviving spouse, or child under the age of eighteen (18) years, then the board of trustees shall direct a monthly pension during the surviving spouse's life in an amount equal to the pension attached to the rank of the deceased police officer at the time of his death, but in no event shall the benefit of the surviving spouse be less than two hundred fifty dollars ($250) per month.
This provision entitles the widow of a police officer who was an "active" police officer at the time of his death from any cause, to a pension. Prior law entitled the widow of any "member" of the police department to a pension. See Acts 1937, No. 250, § 8, Acts 1953 No. 86, Acts 1965 No. 415 and Acts 1967 No. 127. There is no requirement as to the length of service of the active police officer. It is therefore my opinion that under the facts you describe, Mrs. Hill is entitled to a pension.
In response to your second question, although the answer is not entirely clear under the Arkansas Code, it is my opinion that Mr. Rodgers is entitled to pension payments, and is entitled to backpay from the date of his retirement but only to the extent funds were available during the relevant period.
The first relevant statute is A.C.A. § 24-11-422. This statute, which has been amended many times over the years, provides at subsection (a) that:
 Any member of a police department who has performed faithful service for a period of at least twenty (20) years shall be eligible for voluntary retirement and, upon written application by the member, the board of trustees shall place him on the pension roll at one-half (1/2) the actual salary based upon his highest salary year during his time of service.
A question arises under this section as to whether members of the police department who were already serving at the time of the creation of the pension fund can count the service occurring prior to creation of the fund for purposes of satisfying the twenty year service requirement.[1] If the answer to this question is "yes," then police officers who had served nineteen years and eleven months at the time of the creation of the fund would be entitled to retire and receive full benefits the following month. If the answer to this question is "no," then no officer would be entitled to retire and receive a police pension for the first twenty years of the existence of the police pension fund.
For the reasons set out below, it is my opinion in response to your second question, that Mr. Rodgers is entitled to a pension. His service prior to the creation of the fund may be counted toward his twenty years of service as long as he was serving at the time of the creation of the fund and continued to serve thereafter (i.e., as long as he did not cease his service prior to the creation of the fund and thereafter resume it some time after the creation of the fund. See Opinion No. 91-336, copy enclosed.)
Although this issue is not clearly answered by the statutes, it is my opinion that the language of A.C.A. § 24-11-422 implies this result. Subsection (a) states that "Any member . . . whohas performed faithful service for a period of at least twenty (20) years shall be eligible for . . . retirement." (Emphasis added.) The section does not state that any member who performs
faithful service for twenty years shall be entitled to a pension. The language of the statute thus indicates that past service may be counted.
Additionally, it should be noted that pension acts should be liberally construed in favor of those to be benefited. Looper v.Gordon, 201 Ark. 841, 147 S.W.2d 24 (1941). This case, although not addressing the issue of prior service, authorized a pension where the police officer had performed faithful service for over twenty years and had contributed the proportionate part of his salary to the fund ever since its establishment. This 1941 case cited Act 250 of 1937, the original act giving rise to A.C.A. §24-11-422. Although the issue was not squarely addressed by the court, it was apparently assumed by all involved, including the court, that service prior to the creation of the fund was includable in the twenty year requirement.
Additionally, there appears to be no constitutional prohibition against the counting of such prior service, as long as the police officer in question was serving at the time of creation of the fund and continued in service after the fund was created. The court in Adamson v. City of Little Rock, 199 Ark. 435,134 S.W.2d 558 (1939), in striking down a tax levy for the benefit of a police pension fund as being in excess of the five mill constitutional limit, had an opportunity to discuss the general desirability of such plans. The decision contains the following language:
 The establishment of a pension system for municipal officers and employees, whereby, after serving a certain number of years or upon disablement from injuries received in the course of their duties, they are retired from active service and paid a certain proportion of their salaries for the remainder of their lives, is not an unconstitutional disposition of public moneys for private use when applied to officers and employees who have entered or continued in the service after the system went into effect.
The pension in such a case is not a gratuity, but a part of the stipulated compensation. . . . On the other hand, a statute which authorizes a municipal corporation to pay a pension to persons who have formerly been in its service, but have retired or withdrawn therefrom before the statute was enacted is unconstitutional. Such a payment is a mere gratuity. This principle has been extended so far as to deny the power of a municipality to pay a pension which is based even in part upon services rendered prior to the enactment of the statute establishing the system, but the weight of authority is otherwise. [Emphasis added.]
199 Ark. at 437-438, citing 19 R.C.L. Municipal Corporations
§ 33.
It is my opinion, therefore, for all of the above reasons, that Mr. Rodgers is entitled to a pension. Additionally, he is entitled to backpay for the time period he should have been paid a pension at the rates authorized by law at the time the payments would have been made, assuming there would have been funds available to make these payments. This issue will be discussed more thoroughly in response to Question 4.
In my opinion, the answer to your third question is "yes." Monies from the local LOPFI fund may be transferred under Act 459 of 1989. The relevant portion of this act is codified at A.C.A. §24-10-409(e), and allows a political subdivision to transfer any or all of excess moneys in the "LOPFI fund" to which you refer to the local police or fire pension funds in whatever amount deemed appropriate.
In response to your fourth question regarding the procedure to follow when monies in the local fund are exhausted, A.C.A. §24-11-416 provides that: "If, at any time, there should not be sufficient money in the fund to pay each person a full amount to which he may be entitled, the beneficiaries shall be paid by prorating the fund available among them." Thus, assuming the absence of sufficient funds, the available funds should be prorated. The fourth question, however, notes that in the past the funds have been prorated and then when monies are received in the fund, the city pays the pensioners backpay to cover the difference between the prorated amount received and the amount which would have been received absent a shortage of funds. It should be noted in this regard that the statute does not contemplate, upon proration of funds, that these differences will be made up. It merely states that the available funds shall be prorated. It is my opinion that these differences should thus not be compensated when funds become available. If the shortages are chronic in nature, the city may be advised to find ways to increase funding of the pension fund.
This proration without backpay to compensate for it is why, in response to Question 2, it is stated that Mr. Rodgers would only be entitled to backpay to the extent that funds would have been available at the relevant time to make the payments.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
Enclosure
[1] This question is specifically addressed as to local fire pension funds by legislation. Act 389 of 1987 declares that eligibility for benefits in such funds is to be determined from actual time of service regardless of whether such service occurred before of after passage of the pension act.